Jean M. BONNES, Christopher Camuto, Farmworkers' Legal Project of the American Civil Liberties Union of Virginia, Inc., and Migrant and Seasonal Farmworkers Association, Inc., Appellants,

v.

Edwin R. LONG, Ralph E. Long, Appellees.

No. 78–1168.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1979.

Decided June 18, 1979.

---

C. Cooper Geraty, Legal Aid Society of New River Valley, Cape Charles, Va. (Stephen W. Bricker, American Civil Liberties Union, Richmond, Va., Stuart E. Schmitz, John F. Ebbott, Migrant Legal Action Program on brief), for appellants.

Daniel Hartnett, Accomac, Va. (Ayres, Hartnett & Custis, Accomac, Va., on brief), for appellees.

Before RUSSELL and PHILLIPS, Circuit Judges, and JACK R. MILLER, United States Court of Customs and Patent Appeals, sitting by designation.

PHILLIPS, Circuit Judge:

Two federally-funded farmworkers service organizations and one employee of each brought suit in the Eastern District of Virginia under 42 U.S.C. § 1983 against two farmers to obtain access to the migrant laborers housed on the defendants' farm. During a hearing before the district court on plaintiffs' motion for a preliminary injunction, the possibility that the parties could settle their dispute became apparent. At the district court's suggestion a plan was agreed upon whereby employees of the service organizations would be permitted to enter defendants' land to provide services for the migrant laborers housed there. The details of the plan, which was incorporated into a consent judgment, are set forth in the margin.[1]

Plaintiffs then filed a motion in the district court for attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The district court, without making any explicit findings of fact, disallowed any such award, relying on its discretion under the statute and on the

---

1. Plaintiff Migrant and Seasonal Farmworkers Association, Inc., a private non-profit corporation organized under the laws of North Carolina to provide job training and other social services to migrant laborers was authorized to enter defendants' land to provide such services upon giving reasonable notice of each entry. No notice was required in an emergency. Plaintiff Farmworker's Legal Project of the American Civil Liberties Union of Virginia, Inc., which had contracted with the Migrant and Seasonal Farmworker's Association to provide legal services to the migrant laborers, was permitted to enter on the same conditions except that it need not provide notice when responding to specific complaints or requests for assistance or when interviewing actual or potential witnesses or clients.

fact that both sides had benefited from the consent judgment. We vacate and remand for factual findings.

The Civil Rights Attorney's Fees Awards Act of 1976 provides that in any action under 42 U.S.C. § 1983, the district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. This posits two essential inquiries: whether the fee claimant is the "prevailing party"; and, if so, whether in the court's informed discretion, a fee should be awarded.

■ The discretion of the district court in deciding whether to award attorney's fees to a prevailing party is narrowly limited. Both the Senate and House reports that accompanied the 1976 Act quote the controlling standard from *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (per curiam). A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* at 402, 88 S.Ct. at 966, *quoted in* S.Rep.No.1011, 94th Cong., 2d Sess. 4, *reprinted in* [1976] U.S.Code Cong. & Admin.News 5908, 5912; H.R.Rep.No. 1558, 94th Cong., 2d Sess. 6.[2] The Fifth Circuit has similarly interpreted the 1976 Act. *Brown v. Culpepper,* 559 F.2d 274, 277 (5th Cir. 1977). Illustrative of "special circumstances" sufficient to justify the discretionary denial of an award of attorneys fees to a prevailing party are those found by this Court in *Chastang v. Flynn & Emrich Co.,* 541 F.2d 1040, 1045 (4th Cir. 1976), a sex discrimination suit under Title VII of the 1964 Civil Rights Act. There the illegal discrimination was incorporated in a profit-sharing and retirement plan that had been adopted when such discrimination was legal, that could not be unilaterally modified by the defendants, and that had been amended before the litigation began. It could be that such special circumstances exist in the instant case, but they are not apparent on the record nor supported by any formal findings and conclusions by the district court.

■ The other reason offered by the district court in refusing to make an award was that the consent judgment benefited both parties so that the fee claimant was not a "prevailing party." That civil rights litigation ends in a consent judgment does not preclude an attorney's fee award under § 1988. Consent judgments normally involve some element of compromise, of "benefit" to both parties, but the legislative history indicates that Congress intended that a plaintiff who obtained its objective through a consent judgment could be a "prevailing party" within the meaning of the statute. S.Rep.No.1011, *supra* at 5, *reprinted in* [1976] U.S.Code Cong. & Admin. News at 5912; H.R.Rep.No.1558, *supra* at 7. The term has been so interpreted under § 1988, *Brown v. Culpepper,* 559 F.2d at 277; *see Davis v. Reed,* 72 F.R.D. 644, 645 & n.1 (N.D.Miss.1976), and under comparable legislation, *e. g., Parker v. Matthews,* 411 F.Supp. 1059, 1063 (D.D.C.1976), *aff'd sub nom. Parker v. Califano,* 182 U.S.App.D.C. 322, 561 F.2d 320 (1977) (Title VII). Any other construction would frustrate the basic rationale of § 1988: that enforcement of civil rights legislation can best be achieved by encouraging the public to act as private attorneys general.

While a fee award may be predicated on a consent judgment, the facts of each case must still be examined to determine whether the plaintiff is the prevailing party. *Id.* at 1064. A plaintiff need not prevail on all issues if a significant one is resolved so as to achieve some of the benefit sought through the litigation. *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir. 1978).

■ On the record before us we cannot perform our duty of conducting principled review to determine whether plaintiffs are the "prevailing part[ies]" and, if so, whether any special circumstances exist that would warrant an exercise of the district

---

**2.** The 1976 Act is to be governed by the same standards that control fee awards under the Civil Rights Act of 1964. S.Rep.No.1011, *supra* at 4, *reprinted in* [1976] U.S.Code Cong. & Admin.News at 5912. *Newman* was decided under the older statute.

court's discretion nevertheless to deny a fee award. Plaintiffs' position is that defendants refused to allow entry upon their land under any conditions. Defendants contend that they would have permitted entry upon reasonable notice, but that plaintiffs sought the right to enter carte blanche. No answer was filed to the complaint, no facts going to the fee award issues were found either in the order adopting the consent judgment or in the one denying an attorney's fee award and the motion papers for the preliminary injunction cannot perform the necessary service for us. For this reason we must remand the case to the district court for findings of fact and conclusions of law consonant with this opinion.

■ In remanding, we offer these observations for possible guidance to the district courts in making the sometimes difficult inquiry and providing the necessary record for informed appellate review that is required by the controlling fee award legislation. If, as in this case, there is initially a genuine dispute as to whether the plaintiff fee claimant is a "prevailing party," inquiry on that question might well proceed first. This inquiry is properly a pragmatic one of both fact and law that will ordinarily range outside the merits of the basic controversy. Its initial focus might well be on establishing the precise factual/legal condition that the fee claimant has sought to change or affect so as to gain a benefit or be relieved of a burden. With this condition taken as a benchmark, inquiry may then turn to whether as a quite practical matter the outcome, in whatever form it is realized, is one to which the plaintiff fee claimant's efforts contributed in a significant way, and which does involve an actual conferral of benefit or relief from burden when measured against the benchmark condition. *See Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421, 429–30 (8th Cir. 1970) (litigation was "catalyst" for reformation of defendant's conduct); *Howard v. Phelps,* 443 F.Supp. 374, 376 (E.D.La.1978) (factor to consider is necessity of bringing action); *cf. McCrary v. New York Life Ins. Co.,* 84 F.2d 790, 795 (8th Cir. 1936) (resort to law should be reasonably necessary to secure party's right to warrant fee award under state statute).

Only if this inquiry establishes the plaintiff fee claimant as prevailing party need there be further inquiry into the existence of "special circumstances" that justify the denial of an award as a matter of discretion. If this inquiry is needed, it should again be an intensely pragmatic one. Its focus is rightly upon the justice under the total range of circumstances of conferring the benefit and imposing the concomitant burden represented by the fee award. The final exercise of discretion is of course then to be made in light of the general remedial purpose of the substantive legislation underlying the main action and the clearly prophylactic, "private attorney general" legislative purpose underlying 42 U.S.C. § 1988.

*VACATED AND REMANDED.*