**Willie E. YOUNG**

v.

**Dr. J. B. KENLEY et al.**

**Civ. A. No. 78–0085–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 8, 1980.

Charles M. L. Mangum, Lynchburg, Va., for plaintiff.

R. Leonard Vance, Robert T. Adams, Asst. Attys. Gen. of Va., Richmond, Va., for defendants.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

Faced with a motion for counsel fees under 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k), this Court reviewed and analyzed the factual/legal circumstances in light of the then leading case of *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978). The Court denied counsel fees for the reasons set forth in its memorandum in *Young v. Kenley*, 465 F.Supp. 1260 (E.D.Va.1979). On appeal the Fourth Circuit, 614 F.2d 373, noting this Court's reliance on the *Nadeau* guidelines, reversed and remanded for reconsideration on the intervening guidelines formulated by the Fourth Circuit in *Bonnes v. Long*, 599 F.2d 1316 (4th Cir. 1979). This Court directed counsel to file briefs interpreting *Bonnes* so the Court could properly contrast the *Bonnes* guidelines with those of the First Circuit in *Nadeau*. Plaintiff filed her brief, defendants filed their brief in response, and the time within which the rebuttal brief was required to be filed has expired. The Court will consider the matter on remand on the present state of the record.

Although *Nadeau* was cited with approval in *Bonnes*, 599 F.2d at 1318, it is apparent from the language of the unreported per curiam memorandum vacating and remanding this case, that a *Nadeau* analysis is inappropriate in this Circuit. A *Bonnes* analysis is required. Under these circumstances, it would be helpful to obtain a contrast of *Nadeau* with *Bonnes* so the trier of fact would be guided as to what to avoid and what to consider. Unfortunately, the analyses of counsel in their briefs skim over the contrast while the Fourth Circuit in *Bonnes*, insofar as it refers to *Nadeau*, refers to it with approval. Accordingly, this Court must conduct the analysis which compares *Nadeau* with *Bonnes* to see where it went wrong in following *Nadeau* and in failing to anticipate *Bonnes*.

In its previous decision in *Young v. Kenley*, 465 F.Supp. 1260, 1262–63, this Court summarized the *Nadeau* test by quoting from *Nadeau* :

Even if plaintiffs can establish that their suit was causally related to the defendant's actions which improved their condition, this is only half their battle. The test they must pass is legal as well as factual. If it has been judicially determined that defendants' conduct, however beneficial it may be to plaintiffs' interest, is not required by law, then defendants must be held to have acted gratuitously and plaintiffs have not prevailed in a legal sense.

Applying that test this Court held that plaintiff's law suit contributed to the achievement of certain relief obtained in settlement, but the Court found, "the actions the defendants have taken in settlement simply could not have been required by law had this case gone forward to judgment."

Completely apart from the *Nadeau* test the Court found that plaintiff's law suit was frivolous. Citing *Naprstek v. City of Norwich*, 433 F.Supp. 1369 (N.D.N.Y.1977), and *Green v. Carbaugh*, 460 F.Supp. 1193 (E.D.Va.1978), the Court noted that the central relief which plaintiff sought was the lifting of a regulation which acted as a bar to any promotions to which she might otherwise be entitled. This bar to promotion had been removed by defendants well prior to the filing of the suit and the fact of its removal had been published. Thus at the time of the filing of the suit the only bar to plaintiff's promotion was her failure to file an application and take the requisite test. The suit was wholly unnecessary to achieve the relief sought and was, thus, frivolous.

The Fourth Circuit's opinion vacating and remanding the decision of this Court did not mention this latter, separate ground for denying counsel fees nor did it question this Court's application and understanding of the *Nadeau* test. Accordingly, this Court will assume that in its earlier effort it correctly understood and applied *Nadeau* as above set forth.

The Court will now turn to and contrast the *Bonnes* test. In this connection it is important to note that the Fourth Circuit questioned, not the exercise of discretion by this Court, but this Court's determination that plaintiff was a "prevailing party." The Fourth Circuit observed:

The district court properly noted that a plaintiff whose case ends in settlement may be considered 'a prevailing party' under the civil rights attorney's fees provisions. In making its determination whether the plaintiff was in fact the 'prevailing party,' the Court applied the test set forth in *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978). After the district court rendered its opinion, this Court issued its decision in *Bonnes*. *Bonnes* establishes the test to be applied in this circuit for the consideration whether a party to a case which ends in settlement is a 'prevailing party' within the meaning of 42 U.S.C. §§ 1988 and 2000e–5(k). Accordingly, the order of the district court is vacated and the case remanded for further proceedings consistent with this opinion.

As the Fourth Circuit noted this Court had found plaintiff to be a "prevailing party" but that determination had been made by following the *Nadeau* test. The remand directed this Court, as this Court interprets the remand, to redetermine whether plaintiff is a prevailing party by following the *Bonnes* test. *Bonnes* notes that the attorney's fee provision, "posits two essential inquiries: whether the fee claimant is the 'prevailing party'; and, if so, whether in the court's informed discretion, a fee should be awarded."

Since the Court found, applying the *Nadeau* test, that plaintiff was a prevailing party but that she should be denied counsel fees in the Court's informed discretion, it would seem that a redetermination as to whether plaintiff is a prevailing party under the *Bonnes* test would be merely an academic exercise. No matter what test one may use to determine the question of prevailing party *vel non*, if, after having made that determination, the Court nevertheless determines in its discretion that counsel fees should not be paid, the method or test by which the Court reached the determination of prevailing party may be of

interest but it could not be considered as crucial to the holding. Stated differently, if, because of other considerations, counsel fees should not be awarded, the question of whether a plaintiff is a prevailing party becomes relatively immaterial. The means by which that determination was reached is even less material.

Nevertheless, the Court will review the facts in this case to determine under the *Bonnes* guideline whether plaintiff is a prevailing party. Judge Phillips in *Bonnes* notes that

This inquiry is properly a pragmatic one of both fact and law that will ordinarily range outside the merits of the basic controversy. Its initial focus might well be on establishing the precise factual/legal condition that the fee claimant has sought to change or affect so as to gain a benefit or be relieved of a burden. With this condition taken as a benchmark, inquiry may then turn to whether as a quite practical matter the outcome, in whatever form it is realized, is one to which the plaintiff fee claimant's efforts contributed in a significant way, and which does involve an actual conferral of benefit or relief from burden when measured against the benchmark condition.

Judge Phillips continues his explication by citing three cases [1] which mention factors entering into a determination as to whether plaintiff is a prevailing party. The factors mentioned are: (1) whether the litigation was a "catalyst" for reforming defendant's condition; (2) whether there was a necessity for bringing the action; and (3) whether resort to the law was reasonably necessary to secure the plaintiff's rights. This Court does not assume that the three examples given by Judge Phillips are intended to be exhaustive but that they are intended to be helpful to a trial court in its determination whether plaintiff is a prevailing party in a given case.

Reverting to the test as quoted above, the factual/legal condition which the Court

found in *Young v. Kenley*, 465 F.Supp. 1260, 1261–62, shows clearly that plaintiff believed there was a racially based regulation promulgated and persisted in by defendants which effectively barred plaintiff from further promotion. She sought to remove this bar or have it rendered ineffective so that she could advance in her career as a public health nurse. As was found in the previous opinion, plaintiff's suit was wholly ineffective to remove this bar to promotion since the bar had been removed by a voluntary, unrelated act of the defendants well before plaintiff's suit was instituted. Incredible as it may seem, plaintiff had never informed herself that the regulations had been changed though it was published in the official manual which was readily available to plaintiff and her lawyer. Thus "as a quite practical matter" plaintiff's efforts in the law suit cannot be said to have "contributed in a significant way" to obtaining any relief for plaintiff "when measured against the benchmark condition."

Further, considering the three examples mentioned by Judge Phillips, it is abundantly clear that the law suit was not a "catalyst" for reformation of the regulation. The regulation had been "reformed" prior to the institution of the law suit. With respect to factor number two there simply was no necessity for bringing the action, hence factor number three, resort to the law, was not reasonably necessary to secure plaintiff's right.

Although there is some inevitable overlap, under the *Bonnes* test, where the prevailing party test leaves off and the "special circumstance" test begins, see *Chastang v. Flynn & Emrich Co.*, 541 F.2d 1040, 1045 (4th Cir. 1976), it would appear that under *Bonnes* a plaintiff may be, as plaintiff here is, better off for having filed suit and yet not be a prevailing party. Under *Nadeau* if plaintiff's law suit contributed to the achievement of the relief she received in settlement, then she is a prevailing party. Under *Bonnes*, this Court perceives, the

---

1. *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421, 429–30 (8th Cir. 1970); *McCrary v. New York Life Ins. Co.*, 84 F.R.D. 790 (8th

Cir. 1936); *Howard v. Phelps*, 443 F.Supp. 374, 376 (E.D.La.1978).

question is not whether there were benefits actually received in settlement which are attributable to the law suit, but, instead, whether the benefits achieved in settlement are significant when measured against the "precise factual/legal condition" plaintiff sought to alter. Considering the "benchmark," is there "an actual conferral of benefit or relief" in the settlement when measured against the benchmark? This appears to be the *Bonnes* prevailing party test.

Thus, while *Nadeau* looks merely to the question of whether, as a matter of fact, some benefit was achieved, *Bonnes* asks whether, considering what plaintiff sought to achieve, the benefit actually achieved when pragmatically considered actually amounts to a benefit. Both tests require that the suit be found to have "contributed in a significant way" to the attainment of the benefit.

The *Nadeau* test is one which is, by far, the more easy to apply. *Nadeau* says: "Did the lawsuit contribute to the relief achieved in settlement?" *Bonnes* says: "Did the lawsuit, when measured against the relief sought, result in a benefit in settlement?"

As outlined above, and as outlined more fully in the original opinion, plaintiff did not achieve through the settlement of this case either her promotion or the removal of the regulatory bar to promotion. The bar had already been removed. She received her promotion upon the filing of an application and the successful completion of the promotional test during the pendency of this suit. She did achieve as a result of the settlement benefits which she was not entitled to under the law or facts, *i. e.* back pay and the reclassification of her job so as to permit her to accept the promotion without having to move to a new location. Though neither of these benefits is insignificant, when measured pragmatically against the benchmark, the relief is marginal. It is extremely doubtful under the "intensely pragmatic" *Bonnes* test that it would be

appropriate to find plaintiff a "prevailing party." The back pay amounted to less than $1,000 and reclassification of plaintiff's previous position, while a substantial convenience to plaintiff, is not the stuff of which law suits should be framed. It could never be considered even remotely as an entitlement achievable through the suit. Nevertheless, the Court is constrained to find plaintiff a prevailing party under the *Bonnes* test as well as under the *Nadeau* test. This finding is, quite frankly, by the thinnest of margins.

Having applied the prevailing party test, *Bonnes*, as did *Nadeau*, directs the Court to apply a second test. *Nadeau* describes the second test as a legal one. Simply put, if the benefit conferred in settlement is one which plaintiff could not have required by law, then the benefit amounts to a mere gratuity, a lagniappe, and plaintiff cannot be considered to have "prevailed in a legal sense."

Though the instant case was remanded for this Court to reconsider its determination that plaintiff was a prevailing party, applying the *Bonnes* rather than the *Nadeau* test, that question, as the Court has heretofore noted, appears academic. The prevailing appellant had already been adjudged a prevailing party and she could not conceivably benefit from any reanalysis on remand under a different test.[2] Defendants may have wanted a re-examination, but not plaintiff. This Court must surmise that though the language of the opinion of the Court of Appeals directed a re-examination on remand of plaintiff's status as a prevailing party, the focus of the Fourth Circuit's concern may well have been on the application of the second prong *Nadeau* legal test as against the second prong *Bonnes* "special circumstances" test. Accordingly, though the remand directs a reconsideration under *Bonnes* of its determination that plaintiff was a prevailing party this Court does not believe that it would be straying

---

**2.** As noted, while plaintiff-appellant passed the *Nadeau* test with flying colors, on remand she barely manages to pass *Bonnes*. If the determination of whether plaintiff is a prevailing party were critical to the decision on remand, this Court must confess that it would feel obliged to reanalyze its re-analysis.

outside the bounds of the remand if it also re-analyzes the second prong of the test.

Under *Nadeau* all the trier of fact need do is determine whether the relief attained, under all the facts and circumstances known to the Court at the time, was a benefit which plaintiff legally could have required of defendant. If not, then plaintiff cannot be said to have prevailed in the legal sense.

*Bonnes,* on the other hand, characterizes the second prong as a "special circumstances" test and directs the trial court to focus, "upon the justice under the total range of circumstances of conferring the benefit and imposing the concomitant burden represented by the fee award." This discretion is to be exercised bearing in mind the general remedial purpose to encourage "private attorney general" legal actions.

Applying this test upon the factual background set out in the prior opinion, this Court finds that it would be unjust to impose the benefit of attorney's fees upon plaintiff and the burden of attorney's fees upon defendants. The Court must consider the fact that plaintiff, if she ever had a grievance against defendants, did not have one at the time she instituted her action for any of the reasons stated in her complaint. She alleged the existence of a regulation, which she claimed barred her from further advancement. No such regulation existed and the fact of its non-existence was knowledge readily within the grasp of plaintiff. When told, informally, after the filing of the law suit that she was simply incorrect in alleging the existence of the bar to her promotion, she persisted in the suit, inexplicably, causing defendants to incur doubly unnecessary expense. Even when formally apprised that the regulation was and had been for some time amended, plaintiff pursued her law suit at substantial expense and trouble to defendants.

The Court has never questioned plaintiff's sincerity nor her good faith. The Court must question her failure to consult the manual before filing suit, her failure to appreciate the changes in the manual when they were pointed out to her, and her persistence in continuing with the suit despite a clear knowledge which would lead a reasoning mind to appreciate that the continuance was, at the least, inappropriate.

It is true that her persistence paid off in the benefits conferred upon her in settlement. But such persistence, under all the circumstances of this case, ought not to be encouraged. While actions by "private attorneys general" are to be rewarded under the attorney's fees provision, it could not be intended that a party be encouraged to file a suit where litigation would be superfluous. A benefit which can be obtained by an informal request need not be the subject of a formal demand.

For these reasons as well as the reasons set forth in the former opinion, the Court believes that there exists special circumstances which render the award of counsel fees to plaintiff, even if she be a prevailing party, unjust in this case.

And it is so ORDERED.