688 F.2d 218
 CONSUMERS UNION OF UNITED STATES, INC.; Virginia Citizens
Consumer Council, Appellees,
v.
VIRGINIA STATE BAR; James C. Roberts, in his capacity as
President of the Virginia State Bar; Alex Mayo, in
his capacity as Chairman of the Legal
Ethics Committee, Virginia
State Bar, Defendants,
and
Supreme Court of Virginia; Hon. Lawrence I'Anson,
individually and in his capacity as Chief Justice
of the Supreme Court of Virginia, Appellants.
CONSUMERS UNION OF UNITED STATES, INC.; Virginia Citizens
Consumer Council, Appellants,
v.
VIRGINIA STATE BAR; James C. Roberts, in his capacity as
President of the Virginia State Bar; Alex Mayo, in
his capacity as Chairman of the Legal
Ethics Committee, Virginia
State Bar, Appellees,
and
Supreme Court of Virginia; Hon. Lawrence I'Anson,
individually and in his capacity as Chief Justice
of the Supreme Court of Virginia, Defendants.
 Nos. 81-1155(L), 81-1156.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 3, 1981.
Decided Aug. 9, 1982.
 
 Lewis T. Booker, Richmond, Va., (Virginia N. Powell, L. Neal Ellis, Jr., Roger L. Gregory, Hunton & Williams; Marshall Coleman, Atty. Gen., Walter H. Ryland, Chief Deputy Atty. Gen., Richmond, Va., on brief), for appellants.
 Ellen Broadman, Washington, D. C. (Alan Mark Silbergeld, Washington, D. C., James W. Benton, Jr., Hill, Tucker & Marsh, Richmond, Va., on brief), for appellants in No. 81-1156 and appellees in No. 81-1155.
 O. Randolph Rollins, Richmond, Va. (Robert H. Patterson, Jr., Anne Marie Whittemore, Judith B. Henry, McGuire, Woods & Battle, Richmond, Va., on brief), for appellees.
 Before WINTER, Chief Judge, FIELD, Senior Circuit Judge, and CHAPMAN, Circuit Judge.
 FIELD, Senior Circuit Judge:
 
 
 1
 These appeals from the decision of the three-judge District Court come to us following two prior appeals to the Supreme Court of the United States during the pendency of this action. In the second appeal, Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), the Court held that Virginia's Disciplinary Rule (D.R.), 2-102(A)(6) of the Virginia Code of Professional Responsibility (Bar Code) unconstitutionally inhibited the gathering of information incident to the publication of a legal services directory, and that in this suit under 42 U.S.C. § 1983 the Consumers Union of the United States, Inc. (Consumers Union) was entitled to declaratory and injunctive relief against both the Virginia State Bar (Bar) and the Supreme Court of Virginia and its chief justice (Virginia Court). The sole question presented on these appeals is whether Consumers Union, having prevailed in its section 1983 action, is entitled to recover attorney's fees from the Bar and/or the Virginia Court under 42 U.S.C. § 1988.
 
 
 2
 This case had its inception in 1974, when Consumers Union attempted to prepare a directory of attorneys practicing in Arlington County, Virginia. However, attorneys contacted by Consumers Union declined to supply information for the directory fearing that it would violate the prohibition against attorney advertising contained in D.R. 2-102(A)(6). Consumers Union then instituted this action under section 1983 against the Virginia Court and the Bar requesting a declaratory judgment that they had violated Consumer Union's First and Fourteenth Amendment rights to gather, publish and receive factual information, and a permanent injunction against the enforcement of D.R. 2-102(A)(6).
 
 
 3
 On December 17, 1976 a three-judge District Court, convened pursuant to 28 U.S.C. § 2281, held that D.R. 2-102(A)(6) unconstitutionally restricted the right of Consumers Union to receive and gather non-fee information and information concerning initial consultation fees. Consumers Union of United States, Inc. v. American Bar Association, 427 F.Supp. 506 (E.D.Va.1976). In addition, the court permanently enjoined the Virginia Court and the Bar from enforcing D.R. 2-102(A)(6) except for the prohibition against advertising fees for services other than the initial consultation fee. Id., at 523.
 
 
 4
 Consumers Union appealed the District Court's decision declining to enjoin enforcement of the fee advertising provision directly to the Supreme Court. The Virginia Court and the Bar filed a cross-appeal, contending that D.R. 2-102(A)(6) should have been upheld in its entirety. The Supreme Court vacated the judgment of the District Court and remanded the case for further consideration in light of Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), which it had decided after the appeals were filed. Virginia State Bar v. Consumers Union of the United States, Inc., 433 U.S. 917, 97 S.Ct. 2993, 53 L.Ed.2d 1104 (1977).
 
 
 5
 On remand, the Virginia Court and the Bar conceded that under Bates, D.R. 2-102(A)(6) could not be constitutionally enforced against attorneys from whom Consumers Union sought information for its directory. The District Court ruled that D.R. 2-102(A)(6) was unconstitutional on its face and permanently enjoined the Virginia Court and the Bar from enforcing it. Consumers Union of United States, Inc. v. American Bar Association, 470 F.Supp. 1055 (E.D.Va.1979).
 
 
 6
 Consumers Union also requested that the District Court allow them reasonable attorney's fees pursuant to 42 U.S.C. § 1988. The District Court awarded attorney's fees against the Virginia Court, but concluded that special circumstances rendered such an award against the Bar unjust since it had previously petitioned the Virginia Court recommending amendments to the Bar Code Disciplinary Rules which the Bar believed would ensure the constitutionality of the Rules governing attorney advertising.
 
 
 7
 On June 7, 1979, the Virginia Court again appealed the District Court's judgment allowing declaratory and injunctive relief as well as attorney's fees against it. Consumers Union cross-appealed the District Court's decision refusing to award attorney's fees against the Bar. While upholding the declaratory and injunctive relief entered against the Virginia Court, the Supreme Court vacated and remanded the District Court's decision to assess attorney's fees against the Virginia Court. Supreme Court of Virginia v. Consumers Union, supra. In a separate order, the Court vacated the decision of the District Court not to award attorney's fees against the Bar and remanded the case for reconsideration in light of its opinion in Supreme Court of Virginia v. Consumers Union.
 
 
 8
 Upon remand, the District Court reiterated its prior determination that the Virginia Court was liable to Consumers Union under section 1988 for attorney's fees, but again declined to award any fee against the Bar. Consumers Union of the United States, Inc. v. American Bar Association, 505 F.Supp. 822 (E.D.Va.1981). Thereafter, the Virginia Court appealed the fee award entered against it both to the Supreme Court and to this Court. Consumers Union also cross-appealed that portion of the District Court's judgment denying a fee award against the Bar to the Supreme Court and to this Court. On May 26, 1981, the Supreme Court dismissed both appeals for lack of jurisdiction,[1] and, accordingly, at this juncture appellate jurisdiction rests solely with this Court.
 
 
 9
 In our consideration of these appeals we are, of course, guided largely by the observations of the Court in its opinion in Supreme Court of Virginia v. Consumers Union, supra. In vacating the District Court's award of attorney's fees against the Virginia Court, the Supreme Court noted that in regulating the Bar "the Virginia Court is exercising the State's entire legislative power ... (in this respect), and its members are the State's legislators for the purpose of issuing the Bar Code. Thus the Virginia Court and its members are immune from suit when acting in their legislative capacity." 446 U.S. at 734, 100 S.Ct. at 1975. The Court went on to observe that if the sole basis for the plaintiffs' action was the promulgation of the challenged rules, legislative immunity would preclude suit against the Virginia Court under section 1983.
 
 
 10
 With respect to the question of judicial immunity, the Court discerned no reason to resolve that issue, stating:
 
 
 11
 We need not decide whether judicial immunity would bar prospective relief, for we believe that the Virginia Court and its chief justice properly were held liable in their enforcement capacities. As already indicated, § 54-74 gives the Virginia Court independent authority of its own to initiate proceedings against attorneys. For this reason the Virginia Court and its members were proper defendants in a suit for declaratory and injunctive relief, just as other enforcement officers and agencies were. (Footnote omitted).
 
 
 12
 Id., at 736, 100 S.Ct. at 1976. The Court then concluded that "because of its own inherent and statutory enforcement powers, immunity does not shield the Virginia Court and its chief justice from suit in this case." (Footnote omitted). Id., at 737, 100 S.Ct. at 1977.
 
 
 13
 The Court, finding that the District Court's award of attorney's fees was based on acts or omissions for which appellants enjoyed absolute immunity, vacated the award as erroneous. The Court concluded, however, that:
 
 
 14
 This is not to say that absent some special circumstances in addition to what is disclosed in this record, a fee award should not have been made in this case. * * * Nor would we disagree had the District Court awarded fees not only against the Bar but also against the Virginia Court because of its own direct enforcement role.
 
 
 15
 Id., at 739, 100 S.Ct. at 1978.
 
 
 16
 Counsel for the Virginia Court contends that under the Supreme Court's decision it was incumbent upon the District Court upon remand to inquire into the question of whether the Virginia Court had, in fact, exercised its enforcement authority. Counsel further suggests that in the absence of evidence that the Virginia Court had acted in an enforcement capacity a "case or controversy" would not exist between it and Consumers Union. We agree with counsel for Consumers Union that these arguments are answered and foreclosed by the opinion of the Court itself. In regard to the latter contention, the Court specifically recognized the existence of a "case or controversy", stating:
 
 
 17
 Of course, as Boyle v. Landry, supra, (401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971) ) and O'Shea v. Littleton, supra, (414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) ) indicate, mere enforcement authority does not create a case or controversy with the enforcement official; but in the circumstances of this case, a sufficiently concrete dispute is as well made out against the Virginia Court as an enforcer as against the State Bar itself. See Person v. Association of the Bar of New York, 554 F.2d 534, 536-537 (CA2 1977).
 
 
 18
 Id., 446 U.S. at 736, n. 15, 100 S.Ct. at 1977, n. 15.
 
 
 19
 As we have noted, the Supreme Court found that on the record before it a fee award against the Virginia Court was appropriate in this case "absent some special circumstances". Upon its review of the record the District Court concluded that there were no special circumstances which would render an award of attorney's fees unjust under the rationale of Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), and we agree that under the standard of that case the award to Consumers Union as a prevailing civil rights plaintiff was appropriate and correct.
 
 
 20
 We, however, disagree with the decision of the District Court that special circumstances exist in this case which would render a fee award against the Bar unjust. In adhering to its original view, the District Court stated "(a)s before, this conclusion is grounded on the Bar's endeavors to have the Bar Code amended to conform to constitutional standards." 505 F.Supp. at 823. If the basis of any fee award was the promulgation of the subject Rule, this ameliorative action of the Bar might render an award against it unfair. The approval of a fee award by the Supreme Court, however, was not based upon the legislative action of the Virginia Court in promulgating the Rule, but rested solely upon its direct enforcement role. Under the Virginia Disciplinary format, the Bar played an equally significant enforcement role which was recognized by the Court when it observed:
 
 
 21
 We are not convinced that it would be unfair to award fees against the State Bar, which by statute is designated as an administrative agency to help enforce the State Bar Code. Fee awards against enforcement officials are run-of-the-mill occurrences, even though, on occasion, had a state legislature acted or reacted in a different or more timely manner, there would have been no need for a lawsuit or for an injunction.
 
 
 22
 446 U.S. at 739, 100 S.Ct. at 1978.
 
 
 23
 In the context of this controversy, we find it difficult to separate the activity of the Bar from that of the Virginia Court. The record shows that the Bar recommended the promulgation of the original unconstitutional rule, and took steps to amend the rule only after this lawsuit was instituted. It would fly in the face of the policy of section 1988 to recognize such a tardy response as a special circumstance which would preclude an award against the Bar. Nor can we overlook the fact that when the Bar was moved to act, the amendment it proposed would still have prohibited the publication of fees for routine legal services and thus would have continued to infringe the First Amendment rights of the plaintiffs. There can be no doubt that in the area of enforcement there was a "case and controversy" between the Bar and Consumers Union. The record discloses that Consumers Union unsuccessfully sought a ruling from the Bar certifying the Directory as a "reputable publication," and a Virginia attorney was advised by the Bar that the Rule would not permit an attorney to give Consumers Union the information which it requested for the Directory.
 
 
 24
 It is now axiomatic that plaintiffs who prevail in actions brought under section 1983 are entitled to attorney's fees unless special circumstances would render such an award unjust, and the discretion of a district court in deciding whether to award such fees to a prevailing party is narrowly limited. Bonnes v. Long, 599 F.2d 1316 (4 Cir. 1979). Upon the record in this case the Bar as well as the Virginia Court was properly liable to the plaintiff by reason of the Bar's enforcement role, and we discern nothing which would reasonably support the conclusion that an award of attorney's fees against it would be unjust. Accordingly, we hold that it was an abuse of discretion for the District Court to decline an award of fees against the Bar.
 
 
 25
 The action of the District Court in awarding attorney's fees against the Virginia Court in Case No. 81-1155(L) is affirmed. The order of the District Court denying an award against the Bar in Case No. 81-1156 is reversed and the case is remanded for further proceedings consistent with this opinion.[2]
 
 
 26
 NO. 81-1155(L) AFFIRMED.
 
 
 27
 NO. 81-1156 REVERSED AND REMANDED.
 
 CHAPMAN, Circuit Judge, dissenting:
 
 28
 I respectfully dissent and suggest that the majority of this court, as did the majority of the district court, has misread Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980). The three-judge district court in Consumers Union of the U. S. v. American Bar Association, 505 F.Supp. 822 (E.D.Va.1981) referring to Consumers Union II[1] stated at 823:
 
 
 29
 The Supreme Court vacated the award of attorney's fees because it rested in part on consideration of the Virginia Court's adoption, and retention even after Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), of the disputed disciplinary provision-actions the Supreme Court held to enjoy absolute legislative immunity.
 
 
 30
 I do not read Consumers Union II as indicating that the attorney's fees awarded by the district court rested in part on its legislative-rule making role. The fees awarded by the three-judge district court rested entirely upon the rule making function of the Virginia Court and the court's enforcement role was not discussed prior to the decision in Consumers Union II. The U. S. Supreme Court did not find that the Virginia Court was liable for attorney's fees in its direct enforcement role or that such enforcement role played any part in awarding of fees. If this had been the finding, the court would have either affirmed or would have remanded with directions to the district court to find a proper fee.
 
 
 31
 The Supreme Court did neither, but stated at page 738:
 
 
 32
 We are unable to agree that the attorney's fees should have been awarded for the reasons relied on by the district court. Although the Virginia Court and its chief justice were subject to suit in their direct enforcement role, they were immune in their legislative roles. Yet the district court's award of attorney's fees in this case was premised on acts or omissions for which appellants enjoyed absolute legislative immunity. This was error.
 
 
 33
 At 739, 100 S.Ct. at 1978 the court makes it equally clear that the court's enforcement role was not a part of the prior fee award:
 
 
 34
 Because the Virginia court is immune from suit with respect to its legislative functions, it runs counter to that immunity for a district court's discretion in allowing fees to be guided by considerations centering on the exercise or nonexercise of the state court's legislative powers.
 
 The court went on to say:
 
 35
 This is not to say that absent some special circumstances in addition to what is disclosed in this record, a fee award should not have been made in this case.
 
 
 36
 Therefore, the Supreme Court must have remanded for reconsideration of the enforcement role based upon something that was not in the existing record. With no addition to the record, the district court found that the Virginia Supreme Court was liable solely upon its enforcement role under the statute.
 
 
 37
 There is a difference between a statement by the Supreme Court that a party is subject to suit and a conclusion by the court that such party is liable as a result of the suit. The majority of the district court, and the majority of this court, seem to have crossed the chasm between being subject to suit and liable as a result of the suit without pausing to find what the party did to become liable.
 
 
 38
 The only allegation in the complaint relating to the Supreme Court of Virginia reads:
 
 
 39
 Defendant Supreme Court of Virginia adopted and promulgated the State Bar Code, purporting to act under authority of § 54-48 of the Virginia Code.
 
 
 40
 There is no contention that the Virginia Court used or threatened to use its enforcement power against Consumer's Union or any member of the Virginia Bar for supplying information to Consumers Union.
 
 
 41
 Without some finding that the Virginia Court has used its "direct enforcement role" I do not see how it can be held responsible for attorney's fees under the language of the Supreme Court in Consumers Union II.
 
 
 42
 I find myself totally in agreement with the conclusion of Judge Warriner in his dissent:
 
 
 43
 In summary, I believe it is an abuse of discretion to award attorney's fees against the Virginia Court for not doing that which it was not alleged to have done; for not doing that which it was not proved to have done; for not doing that which, as against plaintiffs, it could not have done; and for not doing that which, in practice, it rarely does. Such an award would do nothing to further the purposes of § 1988 to encourage "private attorney general" suits. Rather, an award against the Virginia court in its so-called enforcement role, based upon the record in this case, would simply be a determination that the fee should be paid by the Virginia court without regard to the justice of the case. 505 F.Supp. at 829.
 
 
 44
 For the past three years this suit has been nothing but an effort by the plaintiff's attorneys to establish a theory upon which they could collect a fee. In the spring of 1979 the last possible impediment to gathering the information and publishing the Attorney's Directory for Arlington County was removed. However, when this case was argued in November 1981 the directory had not been printed or distributed. As a result of numerous questions by the court to the attorneys for Consumers Union, the information has been gathered and the directory published. A copy of the directory was forwarded to this court on June 15, 1982. It contains the names of 78 attorneys in Arlington, Virginia. This action has made three trips to the United States Supreme Court, and is presently on its way back to the Supreme Court, all to produce 78 names.
 
 
 45
 I would affirm the district court's finding that special circumstances rendered a fee award unjust as against the Virginia State Bar for the reasons set forth in the district court's opinion.
 
 
 46
 I am concerned by and dissent from footnote No. 2 of the majority opinion of this court which seems to indicate that the attorneys are entitled to fees for all services rendered, even those services in pursuing an invalid theory of the law. The district court was very careful to state that the attorney's fees would be "for services of its counsel in this action in so far as such services were performed to prevent the enforcement of the Rule." It is obvious from the record that these attorneys did not even consider enforcement until this case was almost concluded and then had the matter of enforcement called to their attention by the United States Supreme Court. I am uncertain in reading the majority opinion as to whether the attorney's fees shall be restricted to prevention of enforcement of the Rule or whether the attorneys are to be compensated for all services performed from the beginning of this litigation.
 
 
 47
 I would remand the case to the district court with instructions to expand the record and determine whether the Virginia Court ever exercised its direct enforcement role.
 
 
 
 [1]
 Supreme Court of Virginia v. Consumers Union of the United States, 451 U.S. 1012, 101 S.Ct. 2999, 69 L.Ed.2d 384 (1981); Consumers Union of the United States v. Virginia State Bar, 451 U.S. 1012, 101 S.Ct. 2999, 69 L.Ed.2d 384 (1981). The Supreme Court did not have appellate jurisdiction under 28 U.S.C. § 1253 to entertain a direct appeal of the attorney's fee dispute since the question of injunctive relief sought pursuant to the section 1983 issue was no longer before the Court. See Supreme Court of Virginia v. Consumers Union, supra, 446 U.S. at 737, n. 16, 100 S.Ct. at 1977, n. 16
 
 
 [2]
 The fees to be fixed by the district court upon remand should, of course, include services rendered in these appeals as well as all of the prior proceedings, including the appeals to the Supreme Court of the United States
 
 
 [1]
 This is a 1980 decision of the Supreme Court and so designated as to keep down confusion with Consumers Union I, decided in 1977, and Consumers Union III, decided in 1981. I assume there will be a Consumers Union IV at some date in the future