Lorraine WEBB, Plaintiff,

v.

BACOVA GUILD, LTD., Defendant.

Civ. A. No. 83–0013–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Nov. 18, 1985.

Ellen M. Arthur and John M.A. DiPippa, Legal Aid Society of Roanoke Valley, Lexington, Va., for plaintiff.

William P. Wallace, Jr., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter is before the court on plaintiff's post-judgment motion for an award of attorney fees. The two issues presented by plaintiff's motion are: (1) Whether a settlement or consent order on a claim brought under the Age Discrimination in Employment Act (ADEA) constitutes a "judgment" under 29 U.S.C. § 621(b), and (2) If the answer to issue one is affirmative, then is the amount of attorney's fees sought in the instant case appropriate given the actual relief that was obtained.

Plaintiff, then a 56-year old female, brought this action in 1983 under § 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), alleging that defendant willfully terminated plaintiff's employment because of her age. Plaintiff claimed $322,255.00 for unpaid wages, liquidated and punitive damages, and pain and suffering. Prior to trial, the parties reached a compromise on plaintiff's claim which required defendant to provide life insurance coverage for plaintiff in the amount of $25,000 at no cost to plaintiff, to remain in effect until plaintiff's death. The parties filed an endorsed consent order with this court, which was subsequently entered on June 6, 1985.

## A. Plaintiff's Entitlement to Attorney's Fees

■ Section 7(b) of the ADEA, 29 U.S.C. § 626(b), incorporates by reference § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Since a court which awards a judgment under the ADEA has no discretion to deny an award of attorney's fees to counsel, *Wright v. Carrigg*, 275 F.2d 448 (4th Cir. 1960), this court in the present appeal must only determine whether a consent decree constitutes a "judgment" for the purposes of § 216(b). For the reasons set forth below, this court finds that a consent decree does constitute a "judgment" and thus qualifies for an award of attorney's fees under § 216(b).

Plaintiff argues in the instant case that an order acknowledging and approving a settlement constitutes a judgment under § 216(b) since such an order is a judicial decree which will bind the parties, as would any other order of this court. In contrast, defendant argues that a settlement decree is not a judgment because it is not an adjudication on the merits which fixes the rights and liabilities of the parties. Defendant further argues, based upon *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), that plaintiff has not obtained a judgment for § 216(b) purposes since she did not prevail upon any significant issue in her complaint.

Nowhere in the language of § 216(b) or in its legislative history is the term "judgment", as it is used in that provision, defined. However, as a general proposition, a majority of federal courts considering the question have found that "a judgment entered with the consent of the parties has, of course, the same force and effect as any other judgment." *McCarthy v. Manson*, 554 F.Supp. 1275, 1288 (D.Conn.1982); *See also Metropolitan Housing Development Corp. v. Village of Arlington Heights*, 469 F.Supp. 836, 851 (N.D.Ill.1979); *Clarke v. Volkswagon of America, Inc.*, 419 F.Supp. 74, 77 (S.D.Iowa 1976); *Securities and Exchange Comm'n v. Thermodynamics, Inc.*, 319 F.Supp. 1380, 1382 (D.Colo.1970).

Similarly, a consent decree entered in a civil rights action under the Civil Rights Attorney's Fee Awards Act, 42 U.S.C. § 1983, to which both parties in the instant case analogize § 216(b), does not preclude an award of attorney's fees. *Bonnes v. Long*, 599 F.2d 1316 (4th Cir.1979). Although § 1988 allows a court to award attorney's fees to a "prevailing party," as opposed to a party receiving a "judgment" under § 216(b), this court finds no basis, nor has one been suggested, upon which to assign a meaning to the language of § 216(b) different from the language of § 1988. Similarly, the policy interests underlying the FLSA and § 216(b) are the same as those underlying § 1988. Congress intended in § 216(b), as it did in § 1988, to allow attorney's fees as an incentive to parties under the FLSA to act as private attorneys general. Both provisions were intended to allow an award of attorney's fees to a party which substantially prevailed upon its original claims. This court thus applies to § 216 the Fourth Circuit's view enunciated in *Bonnes, supra*, that a plaintiff may recover attorney's fees so long as "one [issue] is resolved so as to achieve some of the benefit sought through the litigation." *Id.* at 1318. Although defendant argues that no issues are ever

resolved through a consent degree, the court in *Bonnes* clearly rejected that proposition in holding that a consent decree often, by its terms, designates a "prevailing party".

Likewise, defendant's reliance upon the Supreme Court's decision in *Hensley v. Eckerhart, supra,* is misplaced. In *Hensley,* the court found that, in awarding attorney's fees, courts must consider the relationship between the extent of a party's success and the amount of the attorney's fees requested. *Id.,* 461 U.S. at 429–40, 103 S.Ct. at 1937–43. There, the Court stated that a typical test to determine whether a party is a prevailing party "is that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves *some* of the benefit the parties sought in bringing the suit." *Id.* at 433, 103 S.Ct. at 1939 (citing *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir. 1978)) (emphasis added). Defendant suggests that since no "substantial issue" is ever resolved through a consent decree, plaintiff in the instant case is not a "prevailing party" and thus has not received a "judgment" under § 216(b). However, this court finds nothing in the *Hensley* decision which suggests that success "on any significant issue" requires a formal determination on the merits of a case. In fact, the Court in *Hensley* implicitly accepted the proposition that the consent decree in that case, entered into on one of the three original counts, could have given rise to an award of attorney's fees, and thus could have satisfied the "prevailing party" requirement of § 1988.

Lastly, defendant argues that plaintiff has not truly prevailed in the present case because the relief afforded under the consent order was *de minimis.* Clearly, under *Bonnes, supra,* even when a plaintiff benefits from a consent order, "the facts of the case must still be examined to determine whether the plaintiff is the prevailing party". 599 F.2d at 1318. However, this court has previously held that even a settlement award of less than five percent of the amount originally sought was not *de min-*

*imis,* and did not preclude a finding that the plaintiff was the prevailing party under § 1988. *Hamilton v. Bruce,* 552 F.Supp. 649, 650–51 (W.D.Va.1982). The fact that a prayer for relief requests a much higher dollar figure than that which is eventually settled upon is more likely a reflection of the plaintiff's caution in trying to assure a maximum verdict, than an indication that the plaintiff has failed to achieve some of the benefit sought through litigation. *Id.* at 651.

■ In the present case, plaintiff initially received in settlement a $25,000 life insurance policy. When defendant failed to meet the requirements of that consent order, a subsequent consent decree was entered, which required defendant to provide a $25,000 bond, or some other appropriate form of relief, for plaintiff's benefit. This court finds that such a consent award on a claim originally seeking $322,255.00 is not *de minimis* and that, as such, does not render the plaintiff a non-prevailing party nor does it alter the judgment effect of the order.

### B. *Waiver of Attorney's Fees*

■ Defendant alternatively argues that since plaintiff did not assert a claim for attorney's fees during negotiations toward a final settlement, such a claim is now barred. However, this view is not supported by the case law or by the policy interests which underlie attorney's fee awards. Defendant cites several cases which hold that a party is bound by the terms of a settlement agreement. However, plaintiff in the instant case does not seek to avoid the agreed upon settlement, but merely seeks to receive a statutorily mandated award of attorney's fees. Such an award under § 216(b) is within the sound discretion of the court, and is clearly not precluded merely because of its omission from a settlement decree. Moreover, a clear conflict of interest exists between an attorney's fiduciary role as negotiator during settlement negotiations and her interest in also recovering attorney's fees.

The policy interests which underlie the settlement process dictate that an attorney put the interests of her client first in settlement discussions, and reserve the disposition of claims for attorney's fees for the court. Section 216(b) vests in a court discretion to determine reasonable attorney's fees as a matter independent of any award. Accordingly, plaintiff's failure to seek attorney's fees in the settlement agreement did not waive her right afterward to seek fees from this court.

## C.  Reasonable Attorney's Fees

■ This court lastly turns to the question of the reasonableness of the fees sought in the present case. Plaintiff seeks $5,418.75 in fees for 71¼ hours of work by counsel devoted to plaintiff's suit against Bacova Guild. Under the Supreme Court's ruling in *Hensley v. Eckerhart, supra,* where a party has achieved limited success, this court may award only those fees which represent "hours reasonably expended at a reasonable rate", and which are also reasonable in relation to the results obtained. 461 U.S. 434–35.

■ In determining the reasonableness of the hours expended and the rate charged, a court may apply factors such as those enunciated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978). Based upon the relevant *Johnson* factors, this court finds no indication that the hours claimed or the rate charged by plaintiff's counsel are excessive or unreasonable. The questions raised in this action, while not particularly novel, involved contested issues which required the expertise of an experienced attorney. The hourly rate claimed is one commensurate with the level of plaintiff's counsel's expertise and is a standard rate in the area for representation in such an action. The experience and ability of plaintiff's counsel certainly warranted the rate claimed. *See Johnson,* 488 F.2d at 717–19.

The Supreme Court noted in *Hensley* that a consideration of the "results obtained"

> is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

461 U.S. at 435, 103 S.Ct. at 1940. Under the first prong of this test, this court finds several items in the affidavit of plaintiff's counsel regarding work done on plaintiff's unsuccessful claim for emotional suffering, a claim not allowed under § 216(b) in this Circuit. This, clearly, was a claim by plaintiff unrelated to the claims upon which she succeeded. Several hours were devoted by plaintiff's counsel in defending defendant's successful motion to strike the claim for emotional suffering, and undoubtedly in preparing plaintiff's several amended complaints. Whether several other hours may have been devoted to this claim, the court cannot discern. The total hours claimed by plaintiff's counsel must thus be reduced by the amount of time devoted to the failed claim for emotional suffering, which the court finds to be at least, nine hours, or $675.00 in fees.

Moreover, under *Hensley,* this court must consider the reasonableness of the fees requested in light of the limited results obtained. The Court in *Hensley* understandably enunciated few specific guidelines to be used in conducting this analysis. The Court simply noted that

> [t]here is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success. The court necessarily has discretion in making this equitable judgment.

461 U.S. at 436–37, 103 S.Ct. at 1941. In addition to the specific factors already noted above, the relief afforded plaintiff in the present case under the consent decree, while significant, was less substantial than that which plaintiff initially sought. While this divergence does not render plaintiff a non-prevailing party, it is clear that much of the preparation of plaintiff's counsel was in anticipation of trial, and performed in anticipation of a larger judgment for the plaintiff. Although the fees generated were not in themselves unreasonable, they would result in an excessive award to plaintiff in light of her limited success in this action.

Thus, the award of attorney's fees requested by plaintiff, reduced by $675.00 as noted above, shall be further reduced in the amount of $1,500.00 to account for plaintiff's limited success in this action. Plaintiff's motion for attorney's fees shall thus be granted in the amount of $3,243.75. Defendant, Bacova Guild, shall pay plaintiff the sum of $3243.75 for attorney's fees generated by the plaintiff's action under the ADEA.

An appropriate Order shall this day issue.