Kevin L. ALEXANDER, Sr.,
Plaintiff–Appellant,

v.

MAYOR AND COUNCIL OF the TOWN
OF CHEVERLY, MARYLAND,
Defendant–Appellee.

No. 91–2528.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 2, 1991.

Decided Jan. 9, 1992.

Charles Christopher Brown, argued (Andrew D. Freeman, on brief), Brown, Goldstein & Levy, Baltimore, Md., for plaintiff-appellant.

Richard Timothy Colaresi, Colaresi & Popham, Chartered, argued, Annapolis, Md., for defendant-appellee.

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINSON and LUTTIG, Circuit Judges.

## OPINION

POWELL, Associate Justice, Retired:

The issue presented in this case is whether the district court abused its discretion in granting a partial award of attorney's fees under 42 U.S.C. § 1988. As the award fell within the court's discretion, we affirm.

### I

The appeal stems from a redistricting dispute involving a municipality in Prince George's County, Maryland. The municipality, the Town of Cheverly, decided through its City Council in March 1990 to postpone redistricting until after the May 1991 council elections. Soon after this decision was made, the appellant, Kevin L. Alexander, filed a complaint on behalf of himself and "black registered voters residing in Cheverly." The complaint sought (i) a declaration that Cheverly's electoral system violated the Voting Rights Act and the Civil Rights Act, (ii) an injunction preventing Cheverly from holding further elections under that electoral system, and (iii) an award of attorney's fees and costs.

Negotiations between the parties followed. These led to a settlement in which Cheverly agreed to reapportion itself before the May 1991 elections. The complaint was dismissed, except as to the request for attorney's fees and costs. Alexander filed a motion for fees and costs pursuant to 42 U.S.C. § 1988. He requested $20,297.50. The district court granted $6,000 in attorney's fees and $308.93 in costs.

### II

■ Alexander urges us to reverse the district court's decision, claiming he was entitled to the total fees requested. He argues that he achieved the primary objective of the law suit—a one-year advance in redistricting—and therefore should not have been given a partial award. We disagree.

In view of the specter of satellite litigation over attorney's fees, appellate review of lower court decisions in this area, appropriately, is limited. Section 1988 states that "the court, *in its discretion*, may allow the prevailing party ... a reasonable attorney's fee as part of the costs" (emphasis added). 42 U.S.C. § 1988. Construing that provision, the Supreme Court has said:

the .fee applicant bears the burden of establishing entitlement to an award.... We reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.

*Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The scope of review is particularly narrow where the district court explains the basis for its assessment, including a discussion of the relevant factors. *See Cooper v. Dyke,* 814 F.2d 941, 950 (4th Cir.1987). *See also Daly v. Hill,* 790 F.2d 1071, 1079 (4th Cir.1986).

■ In this instance, the district court issued a six-page opinion setting forth its rationale for granting a partial award. Properly emphasizing that the determination was a pragmatic one, involving both fact and law, the court offered the following reasons, among others, for its decision. It explained that, prior to Alexander's law suit, Cheverly had begun the process of redistricting. As a consequence, the court reasoned, Alexander only prevailed "in part" because, even if the law suit had not been filed, Cheverly already had committed itself to redistricting upon receipt of the

1990 census figures. In the district court's view, then, the law suit did not contribute to the fact or form of redistricting, only to the timing of it. The court cited other factors affecting its decision—Cheverly's "willingness to negotiate," its "attempts to remedy the situation," and the fact that "special circumstances" (presumably those mentioned above), *see Bonnes v. Long*, 599 F.2d 1316, 1319 (4th Cir.1979), justified a discretionary reduction in award.

These factors, together with the district court's ringside view of the relevant conduct of the parties and of the underlying legal dispute, convince us that the award fell within the district court's discretion.

AFFIRMED.