**Charles W. KIEL, Plaintiff,**

v.

**The GOODYEAR TIRE & RUBBER COMPANY, Defendant.**

**No. C82–947A.**

United States District Court, N.D. Ohio, E.D.

Sept. 19, 1983.

Edward L. Gilbert, Akron, Ohio, for plaintiff.

Edward C. Kaminski, Buckingham, Doolittle & Burroughs Co., LPA, Akron, Ohio, for defendant.

## ORDER

KRENZLER, District Judge.

Plaintiff, Charles W. Kiel, commenced this age discrimination action on April 2, 1982, pursuant to 29 U.S.C. §§ 621, 622, and 623, seeking damages and equitable relief for his alleged forced early retirement from defendant Goodyear Tire & Rubber Company.

The matter came on for a jury trial on August 22, 1983. On September 1, 1983, the jury returned a verdict for plaintiff and awarded plaintiff compensatory damages in the amount of $20,000. The jury did not, however, find a willful violation of the Age Discrimination Act and therefore did not award liquidated damages pursuant to 29 U.S.C. § 626(b).

On September 6, 1983, plaintiff filed a motion for reinstatement to Goodyear Tire & Rubber Company. The Age Discrimina-

tion Act provides in part that the Court "shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement ...." 29 U.S.C. § 626(b).

The determination of whether reinstatement is appropriate in a particular case lies solely within the sound discretion of the trial court. *Cancellier v. Federated Department Stores,* 672 F.2d 1312, 1319 (9th Cir.1982); *Ginsberg v. Burlington Industries,* 500 F.Supp. 696, 699 (S.D.N.Y. 1980). Furthermore, a jury verdict for plaintiff in an age discrimination action does not automatically mandate reinstatement of employment to plaintiff. *Cancellier,* 672 F.2d at 1319; *Geller v. Markham,* 635 F.2d 1027 (2nd Cir.1980).

That the jury verdict not be *res judicata* for a plaintiff's reinstatement claim in an age discrimination case is particularly important because the standards which the jury is to use in determining age discrimination do not require that age be the sole factor for discharge. The Sixth Circuit has set forth various formulations to be used in determining that plaintiff was discharged because of age. Cf. *Laugesen v. Anaconda Co.,* 510 F.2d 307, 317 (6th Cir.1975) (age a factor in the decision to terminate); *Blackwell v. Sun Electric Corporation,* 696 F.2d 1176, 1180 (6th Cir.1983) (age must be a determining factor); id. at 1188 (Krupansky, J., dissenting) (but for age); *Ackerman v. Diamond Shamrock,* 670 F.2d 66, 70 (6th Cir.1982) (age makes a difference); *Sahadi v. Reynolds Chemical,* 636 F.2d 1116, 1117 (6th Cir.1980) (age a contributing factor).

These standards therefore do not require age to be *the* determining or *sole* factor in order to find an illegal discharge. In fact, the composite effect of these standards is that age must be a significant, major factor in the discharge as contrasted to a minor or insignificant reason. Accordingly, the jury can find for the plaintiff whenever age is a major factor in the dis-

charge, even if there are other legitimate reasons for the discharge.

The requirement that age must only be a major factor in the discharge carries particular significance in periods of economic recession when businesses must layoff employees or grant them early retirement in order to cope with a depressed economy. It appears that Congress in its language in 29 U.S.C. § 623(a) that "It shall be unlawful for an employer ... to discharge any individual ... because of his age," has indirectly mandated that employers must layoff young rather than older employees whenever the general economic conditions mandate a reduction in work force. Otherwise, the employer exposes itself to litigation for wrongful discharge for age discrimination, because age must only be a determining factor in finding liability.

It should also be noted that, in contrast to actions in other areas of the law where plaintiffs are awarded life expectancy or work life expectancy damages, Congress has designed the age discrimination remedy to limit damage awards for loss of income only up to the time of trial. Furthermore, the court is to order equitable remedies such as reinstatement only when "... appropriate to effectuate the purposes of this chapter ...." 29 U.S.C. § 626(b). Congress has thereby recognized that damages are the proper remedy when the jury finds age discrimination, but that in certain circumstances reinstatement may not be appropriate if other factors other than age are involved in the discharge.

Accordingly, the appropriateness of reinstatement in age discrimination cases does not necessarily flow from a verdict for plaintiff when age is only one of several factors. Therefore, the Court must carefully consider the facts of each case before making a reinstatement determination.

In the present case, although the jury found that age was a determining factor in the discharge of plaintiff, defendant presents evidence of other legitimate business reasons to discharge, including reduction of force, tardiness, quality of plaintiff's work, as well as general attitude towards his job. Based on all of the evidence, this Court finds that there were other legitimate business reasons to discharge plaintiff other than his age. The motion to reinstate is thereby denied.

IT IS SO ORDERED.

### JUDGMENT ENTRY

This matter came on for trial to a jury on August 22, 1983. On September 1, 1983 the jury returned a verdict in favor of the plaintiff, Charles W. Kiel, and against the defendant, The Goodyear Tire & Rubber Co., and assessed the plaintiff's damages in the sum of $20,000.

The jury was polled and each juror affirmed the verdict as his own.

Judgment is hereby entered in accordance with the verdict returned by the jury.

Defendant to pay all costs.

IT IS SO ORDERED.