Tony CARVALHO, Plaintiff,

v.

**MacARTHUR CORPORATION, Defendant.**

No. 83–8280–Civ–JCP.

United States District Court, S.D. Florida.

May 24, 1985.

Evan I. Fetterman, Law Offices of Fetterman & Assoc., North Palm Beach, Fla., for plaintiff.

Paul C. Heidmann, Herbert Mintz, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, Fla., David Bradford, Niles, Ill., for MacArthur Corp.

ORDER

PAINE, District Judge.

THIS CAUSE is before the Court on a motion for summary judgment, filed on behalf of the defendant, MacArthur Corporation [D.E. 16]. That motion claims that the plaintiff, whose action was brought under the Age Discrimination in Employment Act [hereafter ADEA], Title 29 U.S.C. § 621 *et seq.*, is not entitled to either compensatory or punitive damages under the Act. Therefore, defendant argues, that portion of plaintiff's Count II, whereby he sought damages for "... extreme embarrassment and humiliation, and irreparable injury to his employment record ..." and Count III of the complaint, which sought punitive damages, should be adjudged summarily in defendant's favor.

This seemingly straightforward motion has spawned a heated and protracted series of pleadings:

D.E. 19—Memo in opposition to motion for summary judgment [filed by plaintiff];

D.E. 20—Motion to strike opposition memo [filed by defendant]

D.E. 21—Supplementary motion to strike and reply memo to opposition memo [filed by defendant]

D.E. 22—Memo in opposition to motion to strike [filed by plaintiff]

D.E. 24—Reply memo in support of motion to strike opposition mem [filed by defendant]

This Court has considered each of these filings, not because such a plethora of memos is in the least appropriate to such a motion, but in its desire to, fairly and finally, put the matter to rest.

The legal issue is quite clear to this Court. Under the holding of *Dean v. American Security Insurance Co.,* 559

F.2d 1036 (5th Cir.1977), *cert. denied* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978), which is binding upon this Court under the holding of *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), the plaintiff is not entitled to either compensatory or punitive damages under the ADEA. Plaintiff's untimely proffer of legal authority to the contrary (*Brenimer v. Great Western Sugar Co.,* 567 F.Supp. 218 (D.Colo.1983); *Wise v. Olan Mills, Inc., of Texas,* 485 F.Supp. 542 (D.Colo.1980); and *Kennedy v. Mountain States Tel. & Tel. Co.,* 449 F.Supp. 1008 (D.Colo.1978)) is wholly without even academic merit, much less persuasive or binding effect on this Court, in light of the decision rendered in *Perrell v. FinanceAmerica Corp.,* 726 F.2d 654 (10th Cir.1984). Therefore, this court finds that, as a matter of law, the defendant is entitled to partial summary judgment on plaintiff's claim in Count II for compensatory damages and in Count III for punitive damages.

■ The other issue, which seems to have overshadowed the substantive legal issue presented by the motion, is whether the plaintiff's legally untenable damages claims, his unorthodox opposition to the defendant's motion for summary judgment, and the filings which defendant feels were unnecessarily required by virtue thereof, warrant the awarding of costs to the defendant. This Court feels they do warrant an award of costs which the defendant has incurred in connection with the filings listed at the beginning of this order.

The defendant's motion to strike and reply memorandum in support thereof [D.E. 20 & 24] offer a straightforward recitation of the grounds which justify the imposition of costs on the plaintiff. Of these, this Court is most concerned with the plaintiff's transparent attempt to avoid addressing the legal issue of damages under the ADEA by arguing that one of the counts was not brought under the ADEA, but was a pendent claim for conspiracy. This, the Court finds specious, in the face of a complaint which expressly states that it is brought under the ADEA, whose only jurisdictional bases pertain to federal civil rights claims and the ADEA, and which is wholly devoid of any reference to Florida law or conspiracy. Moreover, when the defendant first raised the impropriety of the compensatory and punitive damages sought by affirmative defense, and plaintiff responded to the affirmative defenses, plaintiff did not argue that Count III was intended to state a pendent state claim. To add insult to injury, five months after the motion to strike was filed by the defendant, the plaintiff changed its tack and attempted to offer District Court cases from Colorado, to argue that punitive and compensatory damages were permitted under the ADEA. This untimely, unpersuasive, and borderline unethical act of the plaintiff simply underscores the inappropriateness of the matter. This the Court will not condone. This is not vigorous advocacy on behalf of one's client, but legal folly. It has cost each client money, has delayed the progress of the case and, no doubt, has eroded working relations between counsel for the parties concerned.

As to the pleadings here concerned, this Court finds that they were not well-grounded in fact or warranted by existing law. Indeed, they could not even be said to constitute a good faith argument for the modification or reversal of existing law. As such, they are in violation of Rule 11, Fed.R.Civ.P. and subject to sanction.

It is hereby

ORDERED and ADJUDGED that the motion for partial summary judgment of the defendant, MacARTHUR CORPORATION, is granted, and this Court will not consider compensatory or punitive damages under plaintiff's claims;

FURTHER ORDERED and ADJUDGED that, as a sanction under Rule 11, FED.R. CIV.P., plaintiff's counsel shall pay the defendant the amount of the reasonable expenses incurred because of the filings necessitated, as well as a reasonable attorney's fee. Defendant is directed to file with the Court within twenty days of the date of this order an affidavit as to attorney's fees and a bill of costs on the appro-

priate federal form, which may be obtained from the Clerk of the Court;

FURTHER ORDERED and ADJUDGED that the Clerk of the Court change the docket sheet in this case to reflect only McArthur Corporation as a party plaintiff, as Holiday Inns, Inc. was previously dismissed from the case. All future filings by the parties shall be styled accordingly.