Thomas QUINN, Plaintiff,

v.

NEW YORK STATE ELECTRIC AND GAS CORPORATION, Defendant.

No. 82–CV–716.

United States District Court, N.D. New York.

Nov. 14, 1985.

Syracuse University College of Law Public Interest Law Firm, Daan Braveman, Syracuse, N.Y., for plaintiff.

Hinman, Howard & Kattell, James S. Gleason, Binghamton, N.Y., for defendant.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Plaintiff Thomas Quinn brings this action seeking relief from a practice and policy of discrimination based on age in the selection of employees for positions in the Utility Construction & Maintenance Department (UC & M) of defendant New York State Electric & Gas Corporation (NYSE & G). It is alleged that as a result of defendant's practice and policy, plaintiff was subjected to the deprivation of rights secured by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (ADEA). Jurisdiction is conferred on this court by 29 U.S.C. § 626(b).

Plaintiff Quinn was a forty-four year old employee of the defendant at the time this action was commenced. On September 14, 1981, NYSE & G posted a notice that positions would become available in its UC & M training program. The plaintiff applied to

enter the training program, but his application was not considered because of his age. At the time the application was made, the defendant had in effect a policy that limited entry into the UC & M training program to those persons under thirty-two years of age. The plaintiff contends that, as a result of this policy, his rights under the ADEA were violated. He seeks injunctive and compensatory relief.

In its answer to the complaint, NYSE & G admits that it set a maximum age limit for UC & M trainees and that the plaintiff was precluded from competing for a position in the program due to his age. In response to the plaintiff's claims alleging violations of the ADEA, the defendant originally set forth four affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) exemption of the defendant's training program from the provisions of the ADEA by Equal Employment Opportunity Commission (EEOC) regulation 29 C.F.R. § 1625.13, which permits bona fide apprenticeship programs to be limited to youths; (3) the age limitation is a bona fide occupational qualification within the meaning of 29 U.S.C. § 623(f)(1); and (4) the plaintiff is estopped from challenging an age limitation that is part of a collective bargaining agreement ratified by the plaintiff's union.

On August 17, 1983, this court held, *inter alia,* that although "NYSE & G's UC & M apprenticeship and progression program complies with the provisions of 29 C.F.R. § 1625.13 and would be exempt from the prohibitions of the ADEA if that regulation were valid," the regulation conflicts with the language and intent of the ADEA and should not be given effect. *Quinn v. New York State Electric and Gas Corporation,* 569 F.Supp. 655, 660, 664 (N.D.N.Y.1983) (McCurn, D.J.). The court proceeded to grant the plaintiff's motion for partial summary judgment, striking the defendant's first, second, and fourth affirmative defenses and denied the defendant's motion for summary judgment.[1] *Id.* at 664.

---

1. The defendant's third affirmative defense, which alleged that age is a bona fide occupa-

tional qualification, has been abandoned by the defendant. The defendant originally had five

On November 7, 1983, the court granted the defendant leave to file an amended answer. That answer, filed on November 28, 1983, sets forth as an affirmative defense:

12. Defendant's Utility Construction & Maintenance Apprentice and Progression Program is a bona fide apprenticeship program which conforms with the requirements of 29 C.F.R. § 1625.13 as published by the Equal Employment Opportunity Commission.

13. In retaining the age limitation for entry into the Utility Construction & Maintenance Apprentice and Progression Program, defendant in good faith relied upon 29 C.F.R. 1625.13 and the predecessor to that section, 29 C.F.R. § 860.106, as published by the Department of Labor.

14. Pursuant to § 7(e) of the Age Discrimination in Employment Act. (29 U.S.C. § 626(e)) and § 10 of the Portal-to-Portal Act (29 U.S.C. § 259), defendant has no liability to the plaintiff in this action.

The defendant maintains that, when it precluded the plaintiff from competing for a position in the UC & M training program, it was acting in good faith reliance on 29 C.F.R. § 1625.13, and it is therefore protected from liability by the Portal-to-Portal Act defense, 29 U.S.C. § 259, which is made applicable to actions arising under the ADEA by 29 U.S.C. § 626(e). The defendant thus asserts that summary judgment should be granted in its favor.

The plaintiff argues that the defendant has not established that it is entitled to the protection of the Portal-to-Portal Act defense and that summary judgment should be granted in his favor. Moreover, the plaintiff contends that, in the event that the court does find that the defendant is protected from liability by the defense, it is still within the court's power to grant injunctive relief in favor of the plaintiff and award him attorney's fees.

## I.

When considering a motion for summary judgment, a court must insure that there is no genuine issue as to any material fact, that all reasonable inferences are drawn against the moving party, and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Equal Employment Opportunity Commission v. Home Insurance Co.*, 672 F.2d 252, 256–57 (2d Cir.1982). Further, a case involving a Portal-to-Portal Act defense necessarily involves issues regarding a defendant's state of mind. This court is well aware of the Second Circuit's caution that summary judgment is "rarely appropriate where the moving party's state of mind is a material issue." *Id.* at 257. However, the circumstances in the instant case differ significantly from those in *Home Insurance.* Further, *Home Insurance* does not preclude the granting of summary judgment in *all* cases where state of mind may be an issue, and in this circuit and others, summary judgment has been found to be an appropriate tool to dispose of cases involving a Portal-to-Portal Act defense. *See Marshall v. Atlantic Container Line, G.I.E.*, 470 F.Supp. 71 (S.D.N.Y.1979); *Clifton D. Mayhew v. Wirtz*, 413 F.2d 658 (4th Cir.1969); *Kam Koon Wan v. E.E. Black, Limited*, 188 F.2d 558 (9th Cir.1951) (a case involving a Portal-to-Portal Act defense based on 29 U.S.C. § 258). Accordingly, the court must determine whether summary judgment should be granted in the case *sub judice.*

The Portal-to-Portal Act defense, as codified at 29 U.S.C. § 259, provides in pertinent part:

[N]o employer shall be subject to any liability or punishment ... if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation.... Such de-

---

affirmative defenses. The fifth, alleging lack of jurisdiction due to improper service, was stricken by stipulation of the parties.

fense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, [or] interpretation ... is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.

*Id.*

As held in *Home Insurance:*

[T]he Portal Act defense requires the employer to establish three interrelated elements: (1) that its action was taken in reliance on the ruling of the (agency), (2) that it was in conformity with that ruling, and (3) that it was in good faith.

*Id.* at 263.

To establish the first element of the Portal-to-Portal Act defense, the defendant must show that its challenged action was taken in reliance on 29 C.F.R. § 1625.13; the EEOC regulation exempting bona fide apprenticeship programs from the provisions of the ADEA. The regulation was first promulgated by the Department of Labor in 1969 as 29 C.F.R. § 860.106 when that department was charged with enforcing age discrimination laws. When that responsibility was shifted to the EEOC in 1979, 29 C.F.R. § 860.106 was republished as 29 C.F.R. § 1625.13,[2] and it provides as follows:

Age limitations for entry into bona fide apprenticeship programs were not intended to be affected by the Act. Entry into most apprenticeship programs has traditionally been limited to youths under specified ages. This is in recognition of the fact that apprenticeship is an extension of the educational process to prepare young men and women for skilled employment. Accordingly, the prohibitions contained in the Act will not be applied to bona fide apprenticeship programs which meet the standards specified in §§ 521.2 and 521.3 of this chapter.

The defendant first set a maximum age limit for entry into the UC & M training program in 1958, eleven years before the existence of the regulation. However, the defendant contends that it retained the age limitation in years subsequent to the promulgation of the regulation in reliance on the regulation.

According to William Walker, the employee of the defendant charged with insuring that the UC & M training program complied with federal and state regulations, the defendant was well aware of the promulgation of 29 C.F.R. § 860.106 in 1969 through information contained in a variety of legal periodicals. Walker Affidavit at ¶ 12. Further, Walker made sure that the UC & M program complied with the requirements of the regulation by looking to the regulation itself. Walker Deposition at 38–40.

■ The plaintiff argues that the defendant cannot claim that it relied on the regulation when it never sought an opinion from the Department of Labor or the EEOC regarding whether the UC & M program was in compliance with the regulation. The plaintiff relies on *Home Insurance* in support of this argument. In that case, the Second Circuit held that an employer cannot be left to its own devices to insure compliance with the provisions of the ADEA when the information upon which it relies provides no guidance as to what is expected of it. *Id.* at 265. In the instant case, 29 C.F.R. § 1625.13, as well as the regulations referred to therein, 29 C.F.R. §§ 521.2 and 521.3, provide clear guidance as to what is required for a program to qualify as a bona fide apprenticeship program. The defendant was not required to seek approval of its program with either the Department of Labor or the EEOC.

■ The plaintiff also argues that the defendant could not have relied on the regulation, at least as to any action taken

**2.** Although the context of the discussion should indicate whether it is 29 C.F.R. § 860.106 or 29 C.F.R. § 1625.13 that is being referred to, for the purposes of this decision, it makes no differ-ence, because the language of the regulations is identical. Thus, when reference is made to the "regulation," it can be the former or the latter.

regarding the plaintiff, because the EEOC proposed rescinding the regulation in September of 1980. However, the proposed rescission does not, in any way, lead to the conclusion that the defendant was unjustified in relying on the regulation. First, it was *proposed* that the regulation be rescinded; it was not *in fact* rescinded. The regulation was actually reaffirmed in September of 1981. The fact that the EEOC undertook reconsideration of the regulation did not serve as a warning to the defendant that it should not rely on the regulation. It was perfectly reasonable conduct on the part of the defendant to assume the validity of the regulation until it was actually rescinded, which, of course, it never was. When neither the agency charged with enforcing the regulation nor any court had concluded that the regulation was invalid, the defendant could hardly have been expected to reach such a conclusion on its own.

Second, the plaintiff was not precluded from competing for entry into the UC & M training program until well after the regulation was reaffirmed. The defendant was justified in relying on the regulation regarding the challenged action in this case that affected the plaintiff.

■ Therefore, the court concludes that, as a matter of law, the defendant relied on the regulation allowing an exemption from ADEA provisions for bona fide apprenticeship programs when it continued to maintain the maximum age limit for entry into the UC & M program.

To establish the second element of the Portal-to-Portal Act defense, the defendant must prove that the UC & M program was in conformity with the regulation. The court has already concluded that the program did conform to the regulation. *Quinn,* 569 F.Supp. at 660. Since the court's earlier decision in this case, no evidence has been presented that would lead to a different conclusion.

■ The final element of the defense is that the defendant must have acted in good faith in relying on the regulation. To es-

tablish that it acted in good faith, an employer must show that it "acted as a reasonably prudent man would have acted under the circumstances, [that] it have honesty of intention and no knowledge of circumstances which ought to put him upon inquiry." 29 C.F.R. § 790.15(a)

First, the regulation in question, 29 C.F.R. § 1625.13, as well as the regulations referred to therein, 29 C.F.R. §§ 521.2 and 521.3, set forth very clear requirements for bona fide apprenticeship programs. As already stated, the defendant's UC & M program complied with those requirements, and there was no necessity that the defendant seek approval of the program from either the Department of Labor or the EEOC. The court cannot conclude, then, that the defendant acted anything other than reasonably when it relied on the regulation, nor is there any basis upon which the court can conclude that the defendant did not have honesty of intention.

Finally, the fact that the EEOC proposed rescinding the regulation should not have put the defendant upon inquiry. The type of inquiry to which 29 C.F.R. § 790.15(a) refers is explained in the comment of the then-Congressman Walter, which is set forth in *Wirtz:*

> The defense of good faith is intended to apply only where an employer innocently and to his detriment, followed the law as it was laid down to him by government agencies, without notice that such interpretations were claimed to be erroneous or invalid. It is not intended that this defense shall apply where an employer had knowledge of conflicting rules and chose to act in accordance with the one most favorable to him. Vol. 93, Part 4, Cong.Rec. 4390.

*Id.* at 661.

In *Wirtz,* the employer's attorney became aware of a bill, which had been adopted by the Senate, that changed the current law in that it required the employer to comply with the provisions of the Fair Labor Standards Act. In asserting a Portal-to-Portal Act defense, the employer claimed that he had relied on an earlier

interpretative bulletin of the administrator that he believed exempted him from coverage under the Act. The court held, though, that the employer had not met the good faith prong of the Portal-to-Portal Act defense when he was aware that the law was about to be changed and still chose to rely on the earlier interpretative bulletin. *Id.* at 663.

In the case *sub judice*, the law was not changed. The fact that there was a proposal by the EEOC to rescind 29 C.F.R. § 1625.13 did not create a conflict that should have put the defendant upon inquiry. The plaintiff would create a conflict between the proposed rescission of the regulation and the regulation itself. The court cannot adhere to this logic. It would be unfounded to conclude that the defendant was attempting to avoid having to comply with the provisions of the ADEA, or that it lacked good faith, because it chose to follow a regulation that was lawfully in effect at that time. Furthermore, not only was the proposed rescission abandoned and the regulation reaffirmed, the reaffirmance occurred months before the plaintiff was precluded from competing for entry into the UC & M training program. As a matter of law, the defendant acted in good faith in relying on the regulation. Accordingly, the defendant has established the necessary elements of the Portal-to-Portal Act defense.

## II.

■ The plaintiff contends that, even if the defendant is exempt from liability due to the establishment of the Portal-to-Portal Act defense, the court can still grant injunctive relief in favor of the plaintiff and award him attorney's fees.

At least one court has held that, once a Portal-to-Portal Act defense has been established, a court is deprived of any further jurisdiction to grant injunctive relief for a plaintiff. *Marshall v. Baptist Hospital, Inc.*, 668 F.2d 234, 238–39 (6th Cir.1981). The *Marshall* court based its holding on the language of the statute itself, which states that, "Such a defense, if established, shall be a bar to the action or proceed-

ing...." 29 U.S.C. § 259. Other courts have granted equitable relief despite the establishment of the defense. *See Northwestern-Hanna v. McComb*, 166 F.2d 932 (8th Cir.1948); *Spirt v. Teachers Insurance and Annuity Association*, 93 F.R.D. 627 (S.D.N.Y.1982).

Even if this court assumes that it has jurisdiction to grant the plaintiff injunctive relief, there is no basis here upon which to do so. The defendant has already eliminated the maximum age limit for entry into the UC & M program to comply with a New York State law that was enacted subsequent to the institution of this action. Walker Supplemental Affidavit at ¶ 2; N.Y. Exec.Law § 296 (McKinney 1985).

■ Furthermore, none of the cases cited by the plaintiff supports his assertion that he should be placed in the UC & M training program, notwithstanding the establishment of a valid Portal-to-Portal Act defense by the defendant. First, the plaintiff was precluded from *competing* for entry into the training program. There is no evidence before the court that he definitely would have been selected for entry into the program. Second, even when a plaintiff is successful on an age discrimination claim, reinstatement is not mandatory, and "[t]he determination of whether reinstatement is appropriate in a particular case lies solely within the sound discretion of the trial court." *Kiel v. Goodyear Tire & Rubber Co.*, 575 F.Supp. 847, 848 (N.D.Ohio 1983); *Combes v. Griffin Television Inc.*, 421 F.Supp. 841, 846 (W.D.Okla.1976).

This court is disinclined, at this point in time, to order that a person who may be well into his or her training in the UC & M program be removed to make room for the plaintiff. Such "bumping" of innocent employees has been viewed with disfavor in both age discrimination and race discrimination cases, even where no good faith defense has been established. *See Spagnuolo v. Whirlpool Corp.*, 717 F.2d 114 (4th Cir.1983); *Briseno v. Central Technical Community College Area*, 739 F.2d 344 (8th Cir.1984); *Vaughn v. Westinghouse Electric Corporation*, 471 F.Supp.

 

281 (E.D.Ark.1979). This court will not order that the plaintiff now be placed in the UC & M training program. He should, however, be given full consideration for the next available opening in the program.

The plaintiff's final contention is that he is entitled to an award of attorney's fees. The penalty provision of the ADEA, 29 U.S.C. § 216(b), provides in relevant part that, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." This language has generally been interpreted to mean that an award of attorney's fees should be made to the plaintiff when he or she prevails. *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 86 (2d Cir.1983); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 842 (3rd Cir.1977). The key question here, then, is whether the plaintiff has, in any way, prevailed.

In his complaint, the plaintiff sought the following: (1) a declaratory judgment that the defendant's policy of setting a thirty-two year old age limit for entry into the UC & M training program was unlawful; (2) an injunction preventing the defendant from discriminating on the basis of age; (3) an order that he be appointed to the UC & M training program; and (4) an award of back pay, costs, and any other relief that the court deems proper.

 In order for a court to conclude that a plaintiff has prevailed, the plaintiff must have achieved at least some of the benefit that he sought in bringing suit. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (a case involving an award of attorney's fees under 42 U.S.C. § 1988); *Rosenfeld v. Southern Pacific Co.,* 519 F.2d 527 (9th Cir. 1977). *See also Uviedo v. Steves Sash & Door Co.,* 738 F.2d 1425 (5th Cir.1984). The court did hold that 29 C.F.R. § 1625.13 should not be given effect in light of the language and intent of the ADEA. That result, though, was not a goal of the plaintiff's, whose complaint was obviously filed in order for him to be placed in the UC & M

training program and to recover damages. Because the plaintiff has not achieved some of the benefit that he sought in bringing suit, he is not a prevailing party. His request for an award of attorney's fees is therefore denied.

For the reasons adduced herein, the defendant's motion for summary judgment is granted.

It is So Ordered.