**Ennis GRIMES, Sr., Plaintiff,**

v.

**CITY OF FORT VALLEY,
et al., Defendants.**

**Civ. A. No. 89–43–4–MAC(DF).**

United States District Court,
M.D. Georgia,
Macon Division.

Oct. 2, 1991.

Christopher Coates, Milledgeville, Ga., for plaintiff.

Charles R. Adams, Jr., Adams & Adams, Fort Valley, Ga., Mary Mendel Katz, Thomas F. Richardson, Chambless, Higdon & Carson, Macon, Ga., for defendants.

FITZPATRICK, District Judge.

Pending before the court is Plaintiff Ennis Grimes' motion for instatement to the position of Building Inspector of the City of Fort Valley, Georgia.

The Plaintiff, a black male over forty years of age, presently works as the Building Maintenance Supervisor for Fort Valley State College, where he currently earns $25,694.00 per year.[1] He applied for the position of Building Inspector with the City, which presently pays $23,076.56 per year, but was turned down. He then filed this lawsuit claiming that he was denied the job because of his race and age. On October 11, 1990, a jury returned a verdict in favor of the Plaintiff on his age discrimination claim, but against him on his claim of racial bias.

There is no question that the Plaintiff has been the victim of discrimination; the problem lies in determining his relief. (All are agreed that this decision is to be made by the court.) He is not entitled to back pay, since the job he was denied pays less than the one he presently holds. Likewise, no authority has been found which would entitle him to front pay without an award of back pay and under these circumstances such an award would be speculative at best. *See, Coston v. Plitt Theatres, Inc.,* 831 F.2d 1321, 1332–33 (7th Cir.1987). Compensatory and punitive damages are not recoverable under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq. Carvalho v. MacArthur Corp.,* 615 F.Supp. 164, 164–65 (S.D.Fla.1985).

The Plaintiff has therefore made a most unusual request. He has asked this court to instate him in the job of Building Inspector, which offers less pay and fewer benefits than the one he presently holds and which may well be eliminated due to a possible merger of the governments of the City of Fort Valley and the surrounding county. Granting this request would force the City to discharge Mrs. Barbara Hamrick, its current Building Inspector, who is unquestionably qualified for that position. The parties have negotiated extensively but have failed to reach a settlement.

The court will not grant the motion for instatement, but will instead award the Plaintiff nominal damages and attorney's fees as required by the ADEA. Although certainly less than what the Plaintiff sought, this result is in accord with the purpose of the ADEA. A "district court has broad discretion in selecting remedies as long as the relief granted is consistent with the purposes of the ADEA." *Verbraeken v. Westinghouse Electric Corp.,* 881 F.2d 1041, 1052 (11th Cir.1989). "The purpose of the ADEA, insofar as the individual plaintiff is concerned, is to make the plaintiff 'whole,' to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer." *Castle v. Sangamo Weston, Inc.,* 837 F.2d 1550, 1561 (11th Cir.1988).

It must be remembered that this is a motion for *instatement* rather than *reinstatement.* There is little precedent on the question of instatement, but the general rules of reinstatement should apply to this issue as well. "Reinstatement is the preferred remedy under the ADEA, and should be ordered whenever it is appropriate." *Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 638 (10th Cir.1988). However, "[t]he determination of whether reinstatement is appropriate in a particular case lies solely within the sound discretion of the trial court. Furthermore, a jury verdict for [a] plaintiff in an age discrimination action does not automatically mandate reinstatement of employment to [the] plaintiff." *Kiel v. Goodyear Tire & Rubber Co.,* 575 F.Supp. 847, 848 (N.D.Ohio 1983), *aff'd,* 762 F.2d 1008 (6th Cir.1985).

Since the Plaintiff is, by analogy, not automatically entitled to instatement, even if that remedy could be considered the preferred one in a case like this, the court can fashion a plan of relief within its discretion as long as it is in accord with the purposes of the ADEA. Awarding nominal damages and attorney's fees is consistent with the purposes of the ADEA in this unusual

---

**1.** If the Plaintiff got his annual raise on July 1 of this year, his present salary would approach $27,000.00.

case. Granting the motion for instatement, by contrast, would in no way serve the ends of justice. The Plaintiff would not be made whole, but in fact would suffer by being placed in a worse economic position than he is at present. Moreover, Mrs. Hamrick, an innocent person, would lose her job and there appears to be no way the Defendants could minimize the harm to her. *See, Walters v. City of Atlanta,* 803 F.2d 1135, 1150 (11th Cir.1986).

As an alternative reason for denying the motion, the court must point out that while there is no doubt that the Plaintiff has suffered harm, he has failed to show any resulting damage. It is axiomatic in civil trials that merely proving liability is not enough to recover; a plaintiff must also show how the defendant's acts have damaged him and in what amount. The court sees no reason why this general rule should not apply to discrimination cases just as it does to other civil cases such as commercial disputes. In this case, the Defendants' acts of discrimination actually benefitted the Plaintiff (within the scope of types of relief allowed under the ADEA). The Plaintiff has shown neither the existence nor amount of any damages recoverable under the ADEA.

The Supreme Court has applied this same rule in the context of constitutional violations. In *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the Court held that damages awards in cases arising under 42 U.S.C. § 1983 for violations of the fourteenth amendment should be governed by the principle of compensation. 435 U.S. at 254–58, 98 S.Ct. at 1047–49. In *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986), a case involving the first and fourteenth amendments, the Court reaffirmed that damages are intended as compensation, and specifically held that "when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common

law of torts." 477 U.S. at 305–06, 106 S.Ct. at 2542.

The principle to be derived from these cases is that when there has been no compensable injury, there can be no damages. If this is true in the context of the violation of constitutional rights, then it certainly applies when a statutory right, e.g. the right to be free of age discrimination as given in the ADEA, has been violated. In this case, the Plaintiff has suffered no compensable injury, and the relief he requests would harm both him and another person. The only way to make him whole is to leave him where he is.

Accordingly, the Plaintiff's motion for instatement is DENIED, although the court will award him $100.00 in nominal damages and attorney's fees.[2] Plaintiff's counsel is directed to file his motion for attorney's fees and supporting documentation within fifteen (15) days of the receipt of this order.

SO ORDERED.

---

**2.** The Defendants have noted that the Plaintiff did not request that the court charge the jury on the question of nominal damages. Nonetheless,

the court believes it has the inherent power to make such an award under the authority of *Verbraeken,* 881 F.2d 1041.