On DAVIS, Plaintiff,

v.

THE GAP, INC., Defendant.

No. 97 Civ. 8606(RWS).

United States District Court, S.D. New York.

June 14, 1999.

Kenneth M. Spole, Syosset, NY, for plaintiff.

Debevoise & Plimpton, New York City, By Lorin L. Reisner, Suzanne J. Irving, of counsel, for defendant.

*OPINION*

SWEET, District Judge.

Plaintiff On Davis ("Davis") has moved, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3, for reconsideration of this Court's opinion of April 9, 1999 (the "Opinion") granting defendant The Gap Inc.'s (the "Gap") motion for

summary judgment. For the reasons set forth below, Davis' motion is denied.

*The Parties*

Davis is the creator and designer of Onoculii Designs, ornamental metal eyewear, with a place of business located at 209 East 7th Street, New York, New York 10009.

The Gap is incorporated in the state of Delaware. The Gap's principal place of business is located at One Harrison Street, San Francisco, California 94105. The Gap is an international specialty retailer selling casual apparel, shoes and accessories for men, women and children.

*Prior Proceedings and Facts*

The facts and prior proceedings of this action are set forth in a prior opinion of the Court, familiarity with which is assumed. *See Davis v. The Gap Inc.,* No. 97 Civ. 8606, 1999 WL 199005 (S.D.N.Y. April 9, 1999). Those facts and prior proceedings relevant to the instant motion are set forth below.

Davis filed the complaint in this action on November 19, 1997. On January 27, 1998, he filed an amended complaint, alleging violations of the Copyright Act and New York General Business Law §§ 349 and 350.

The Gap filed a for summary judgment on October 19, 1998. On April 9, 1999, the Court issued the Opinion granting the Gap's motion for summary judgment. Specifically, the Court found that Davis had not identified any facts in support of his claim for actual damages and had not offered any proof establishing a causal link between the Gap's profits and the alleged infringement. The Court also dismissed Davis' claim for punitive damages as insupportable as a matter of law.

Davis filed the instant motion for reconsideration on April 27, 1999. Opposition and reply papers were received through May 13, 1999, at which time the motion was deemed fully submitted.

*Discussion*

The standards governing Rule 59(e) and Local Rule 6.3 are the same. *See Candelaria v. Coughlin,* 155 F.R.D. 486, 490 (S.D.N.Y.1994); *Morser v. A.T. & T. Infor-*

*mation Systems,* 715 F.Supp. 516, 517 (S.D.N.Y.1989).

■ Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument, plaintiffs must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew,* 151 F.R.D. 237 (S.D.N.Y.1993); *Fulani v. Brady,* 149 F.R.D. 501, 503 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York,* 141 F.R.D. 245, 245 (S.D.N.Y.1992); *B.N.E. Swedbank, S.A. v. Banker,* 791 F.Supp. 1002, 1008 (S.D.N.Y. 1992); *Novak v. National Broadcasting Co.,* 760 F.Supp. 47, 48 (S.D.N.Y.1991); *Ashley Meadows Farm Inc. v. American Horse Shows Ass'n,* 624 F.Supp. 856, 857 (S.D.N.Y. 1985).

■ Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y.1985). In deciding a Local Rule 6.3 motion, the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. *See Morser,* 715 F.Supp. at 517; *Korwek v. Hunt,* 649 F.Supp. 1547, 1548 (S.D.N.Y.1986). Therefore, a party in its motion for reargument "may not advance new facts, issues or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.,* 1989 WL 162315, at * 3 (S.D.N.Y.1989). The decision to grant or deny a motion for reargument is within the sound discretion of the district court. *See Schaffer v. Soros,* 1994 WL 592891 (S.D.N.Y. Oct. 31, 1994).

■ Davis contends that this Court "did not distinguish between actual damages and profits" and thus overlooked "[f]actual mat-

ters and controlling decisions" in rejecting his claims. (Plaintiff's Brief at 15). Davis urges that (1) he is entitled to recover actual damages in the form of a license fee as a matter of law because he owns a copyright for the subject eyewear; and (2) that proof of the Gap's total sales in the fourth quarter of 1996 compared to 1995 is sufficient to demonstrate profits recoverable under 17 U.S.C. § 504(b).

These matters were raised and briefed on the preceding motion and were resolved in the Opinion. *See Davis,* 1999 WL 199005 at *4–7. With respect to actual damages, the Opinion states that "a copyright plaintiff must establish 'with reasonable probability the existence of a causal connection between the infringement and a loss of revenue.'" *Id.* (citing *Harper & Row Publishers v. Nation Enters.,* 471 U.S. 539, 567, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)). The Opinion also notes that courts have repeatedly dismissed claims for actual damages based on the type of speculative justifications advanced by Davis. *Davis,* 1999 WL 199005 at *5. The Court emphasized that claims for actual damages must be supported by "credible evidence" and concluded that a "review of the record reveals no evidence" to support Davis' claim. *Id.* at *7.

The Court specifically addressed the contention raised again by Davis on the instant motion that he is entitled to actual damages because he was allegedly "deprived of a licensing fee." The Opinion notes that the Second Circuit in *Business Trends Analysts v. Freedonia Group Inc.,* 887 F.2d 399 (2d Cir.1989), expressly rejected the "lost license" theory asserted by Davis. *See id.* at *6.[1] Davis contends that the Court overlooked the decision of *Ringgold v. Black Entertainment Television, Inc.,* 126 F.3d 70 (2d Cir.1997) which plaintiff cites for the proposition that he is entitled to a licensing fee as actual damages for actual use. However, the Court previously considered this issue and concluded that "Ringgold did not address

---

1. The suggestion by Davis that *Business Trends* was "implicitly overruled" by dicta in *Rogers v. Koons,* 960 F.2d 301, 313 (2d Cir.1992) is not supportable. At most, the language from *Rogers* relied upon by Davis indicates that it may be possible to use a license fee as the measure of actual damages where there is actual proof that such of a fee customarily is paid in the applicable commercial circumstances. There is no such proof here.

§ 504(b) of the Copyright Act nor did it purport to limit the rule established in *Business Trends* that a claim for actual damages may not be based on speculation and conjecture." *Davis,* 1999 WL 199005 at \*7 n. 3.

With respect to the issue of damages arising from the Gap's profits, Davis submits that the Court overlooked evidence of an increase in Gap's total sales figures. In fact, the Court did consider the increase in Gap's profits, but determined that "Davis has not established any causal link between the purported increase in the Gap's sales and the alleged infringement." *Id.* at \*6.

Davis fails to demonstrate that the Court overlooked any controlling decisions or factual matters that were put before it on the underlying motion. Accordingly, Davis has failed to satisfy the standard of Fed.R.Civ.P. 59(e) and Local Rule 6.3.

### Conclusion

For the reasons stated above, Davis' motion for reconsideration is denied.

It is so ordered.