Anthony DETJE, Plaintiff

v.

## JAMES RIVER PAPER CORPORATION, Defendant

**No. 3:96–CV–1253 (EBB).**

United States District Court, D. Connecticut.

Aug. 13, 2001.

Thomas E. Mangines, Brian A. Mangines, Francis D. Burke, LLC, Bridgeport, CT, for Plaintiff.

Mark Richard Kravitz, Wiggin & Dana, New Haven, CT, for Defendant.

### RULING ON MOTION FOR ATTORNEYS' FEES AND COSTS

ELLEN BREE BURNS, Senior District Judge.

### INTRODUCTION

After a six day trial in this case, the jury returned a verdict in favor of Plaintiff Detje in the amount of $1,290,760, finding that he had been willfully discriminated against under the ADEA. His counsel now move for attorneys' fees and costs.

## LEGAL ANALYSIS

### A. Prevailing Party Status

A party must be a "prevailing party" to recover attorneys' fees under the ADEA. A typical formulation of such status is that "plaintiffs may be considered 'prevailing parties' for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Section 626(b) of the ADEA incorporates by reference that portion of the Fair Labor Standards Act providing that "[t]he court . . . *shall*, in addition to any judgment awarded to the plaintiff . . . , allow a reasonable attorneys' fee to be paid by the defendant, and the costs of the action." 29 U.S.C. 216(b), *quoted in Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 86 (2d Cir.1983)(emphasis added by Court of Appeals). Hence, attorneys' fees are mandatory under the ADEA to a prevailing party. *Hagelthorn*, 710 F.2d at 86.

It is beyond cavil that Mr. Detje was the prevailing party in this action under his ADEA claim. It matters not that his supplemental state court claims had been dismissed pretrial. On the ADEA claim alone, he was awarded in excess of a million dollars. This is most assuredly prevailing on "any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit." Accordingly, attorneys' fees are mandatory.

### B. Calculation of the Lodestar

After determining prevailing party status the Court must next determine what fee is reasonable. Calculation of the amount of attorneys' fees to be granted is referred to as the "lodestar." The Court will "calculate the 'lodestar' figure based upon the 'hours reasonably spent by counsel . . . multiplied by the reasonable hourly rate.'" *Cruz v. Local Union No. 3 of Intern., Broth. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir.1994) (*quoting F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir.1987)). *See also Hensley* 461 U.S. at 433, 103 S.Ct. 1933 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). Calculation of the lodestar also requires the Court to determine the "prevailing market rates" for the types of services rendered, *e.g.*, the fees that would be charged for similar work by attorneys of like skill in the area. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). There exists a strong presumption that the lodestar figure represents a reasonable fee. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir.1992).

### 1. Reasonable Amount of Time Spent

In *Hensley*, the Supreme Court instructed that, in reviewing fee applications, the district court should exclude hours that were not "reasonably expended." Following this instruction the Court hereby reduces the hours of Attorney Brian Mangines to 50.5, of Attorney Thomas Mangines to 40.2, of Attorney Francis Burke to 294.4, and of Attorney Kryzanski to 43.4. Attorney Shaw's hours will remain at 12.

### 2. The Reasonable Hourly Rate

A review of the affidavits of Attorneys Thomas Mangines and Francis Burke, and the affidavits of attorneys in the relevant market area, convinces this Court that the Plaintiff has met his burden

of providing evidence that the rates requested by these two attorneys "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895–96 n. 11, 104 S.Ct. 1541. However, inasmuch as Attorneys Brian Mangines, Kryzanski and Shaw did not file the mandatory affidavits, Attorney Mangines' rate will be reduced to $175 per hour, and Attorneys Kryzanski's and Shaw's rates will be reduced to $125, based on their experience.

## CONCLUSION

Attorneys' fees in the amount of $106,772.50 are hereby awarded to Plaintiff's counsel. An application for costs must be submitted to the Clerk of the Court, not to the Court itself.

SO ORDERED.