**Michael ABRAHAMSON,
et al., Plaintiffs,**

**v.**

**The BOARD OF EDUCATION OF THE WAPPINGERS CENTRAL SCHOOL DISTRICT; Wappingers Central School District and the Wappingers Congress of Teachers, Defendants.**

**No. 01 CIV. 10859(CM).**

United States District Court,
S.D. New York.

Dec. 23, 2002.

Richard Hamburger, Hamburger, Maxson & Yaffe, L.L.P., Melville, NY, for Plaintiffs.

## MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR REARGUMENT

MCMAHON, District Judge.

Plaintiffs move for reconsideration of my memorandum decision and order denying their application for an award of attorney's fees and costs pursuant to the Age Discrimination in Employment Act. 29 U.S.C. § 621, *et seq.* ("ADEA"). Plaintiffs' motion is denied.

## BACKGROUND

On June 21, 2002, this Court issued a memorandum decision and order finding that a provision recently added to the Collective Bargaining Agreement ("CBA") between the defendant School District and the defendant Congress ("Union") violated the ADEA. I then entered a judgement on October 15, 2002, directing the defendants to bring the CBA into conformity with the law. Plaintiffs subsequently applied for an award of attorney's fees and costs.

■ In their motion for attorney's fees, plaintiffs argued that they had "prevailed" in their actions against the Union and School District. To support their argument, they quoted *Lyte v. Sara Lee Corp.,* 950 F.2d 101 (2d Cir.1991), in which the Second Circuit wrote:

> [S]uccess on any significant issue in a case which achieves "some of the benefit" sought by a plaintiff is sufficient to cross "the threshold to a fee award of *some* kind." The "touchstone inquiry" in determining whether the threshold has been crossed is whether in the course of the litigation their occurred a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."

*Id.* at 103 (quoting *Texas State Teachers Assoc. v. Garland Indep. Sch. Dist.,* 489

U.S. 782, 791–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). *Lyte* and *Garland* involved interpretations of 42 U.S.C. § 2000e–5(k) and 42 U.S.C. § 1988, respectively. The same standard applies to both statutes, because they contain provisions that allow a court to award attorney's fees to "prevailing parties." *See Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("[S]tandards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' ").

Defendants School District and Union responded to plaintiffs' motion by arguing, in part, that plaintiffs were not "prevailing parties" under the applicable case law.

I noted in the original opinion that ADEA's attorney's fees provision does not authorize a court to award attorney's fees to a "prevailing party." Rather, the ADEA incorporates the remedial provisions of the Fair Labor Standard Act, which provide that "[t]he court in [an action filed pursuant to ADEA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (incorporated through reference in 29 U.S.C. § 626(b)).

Far from ignoring this linguistic decision in the first decision, I noted it, and explained that most courts have—albeit without much analysis—generally applied the "prevailing party" standard to applications for attorney's fees in ADEA cases. *See, e.g., Tyler v. Union Oil Co. of California,* 304 F.3d 379, 404 (5th Cir.2002); *Nance v. Maxwell Federal Credit Union,* 186 F.3d 1338, 1343 n. 10 (11th Cir.1999); *Detje v. James River Paper Corp.,* 167 F.Supp.2d 248, 249 (D.Conn.2001); *Samborski v. Linear Abatement Corp.,* 1999 WL 739543, at *1 (S.D.N.Y. Sept.22, 1999); *Soler v. G & U, Inc.,* 801 F.Supp. 1056, 1059 (S.D.N.Y.

1992); *see also Villescas v. Abraham,* 311 F.3d 1253, 1261–62 (10th Cir.2002); *Gilbert v. Monsanto Co.,* 216 F.3d 695, 702–03 (8th Cir.); *Quinn v. New York State Elec. & Gas Corp.,* 621 F.Supp. 1086, 1093 (N.D.N.Y.1985). Those few judges who have remarked on the difference in statutory language have drawn upon "prevailing party" case law in their analyses. *See, e.g., Salvatori v. Westinghouse Elec. Corp.,* 190 F.3d 1244, 1245–46 (11th Cir.1999) (Birch, C.J., concurring) (distinguishing between language of FLSA and 42 U.S.C. § 1988); *Bhatia v. Air India,* No. 90 Civ. 5445, 1992 WL 232146, at *4 (S.D.N.Y. Sept. 2, 1992) (same); *Webb v. Bacova Guild, Ltd.,* 631 F.Supp. 35, 36–37 (W.D.Va.1985); *see also French v. Bath Iron Works Corp.,* 1999 WL 1995216, at *2 & n. 3 (D.Me. Nov.29, 1999) (discussing difference between statutes, but ruling on different grounds).

Mindful of the importance of statutory language, *see United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), and Congress's intentional incorporation of the FLSA's remedial scheme into the ADEA, rather than that of 42 U.S.C. § 1988, *see Lorillard v. Pons,* 434 U.S. 575, 582, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), I did not read the "prevailing party" standard into the ADEA. Rather, I concluded that the attorney's fees provision of the FLSA, fairly interpreted, required plaintiffs to "obtain an 'enforceable judgment' *in their favor.*" *Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist.,* 01 Civ. 10859 (S.D.N.Y. Nov. 15, 2002) (order denying motion for attorney's fees). In determining what constituted a judgment in their favor, I looked to relevant parallels in the "prevailing party" case law and concluded that the judgment must alter the legal relationship between plaintiffs and defendants by modifying the defendants' behavior in such a way that directly benefits the

plaintiffs. *Id.* That this did not happen here is incontrovertible. Indeed, after the November decision, plaintiffs moved for an order compelling the defendants to reinstate Option # 2 (which had by then been eliminated from the CBA by the defendants) and to expand it so that they could receive its economic benefit. What better proof could there be that plaintiffs did not obtain an enforceable judgment in their favor?

## THE PRESENT MOTION

Plaintiffs move to reargue their motion for attorney's fees. They argue that I mistakenly applied the "prevailing party" standard, which does not apply to the ADEA. And they urge that, even if the "prevailing party" standard applies, they satisfy that standard.

■ Plaintiffs do not identify the authority under which they ask the Court to reconsider their motion for attorney's fees. Since they title their motion a "Motion for Reargument," I assume that they move pursuant to Local Rule 6.3. That rule addresses motions for reconsideration or reargument, and directs the moving party to set "forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The standards governing a motion for reconsideration under Local Rule 6.3 are the same as those under Federal Rule of Civil Procedure 59(e). *See Cohen v. Koenig*, 932 F.Supp. 505, 506 (S.D.N.Y.1996).

■ Generally, Local Rule 6.3 is to be narrowly construed and strictly applied in order to avoid repetitive arguments on issues that the court has fully considered. *See Range Road Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 391–2 (S.D.N.Y.2000). A party seeking reargument must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion and that might reason-ably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 256 (2d Cir.1995); *Davis v. The Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y.1999). In doing so, a party in its motion for reargument "may not advance new facts, issues or arguments not previously presented to the court." *Bank Leumi Trust Co. of New York v. Istim, Inc.*, 902 F.Supp. 46, 48 (S.D.N.Y.1995). That is because the court is not to allow a party to use a motion to reargue as a substitute for appealing from a final judgment, or as a vehicle by which a losing party may examine a decision "and then plug[ ] the gaps of the lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988).

■ Plaintiffs do not satisfy this standard. First, they attempt to advance an argument that they did not previously present in their original motion—that the "prevailing party" standard does not apply to attorney's fees motions under the ADEA. To the contrary, in support of the original motion, they argued—albeit briefly—that they satisfied the "prevailing party" standard, and then used the bulk of their motion to argue the amount of damages they deserved.

Second, despite the fact that plaintiffs did not present the argument they now propound in their original motion, it is not an issue that I overlooked. In deciding plaintiffs motion, I addressed it. I noted that plaintiffs and defendants were arguing about whether plaintiffs were "prevailing parties," even though that term is not used in the statute. I interpreted the attorney's fees provision of the FLSA to require plaintiffs to obtain an enforceable judgment in their favor, and I concluded that plaintiffs did not satisfy that standard.

Third, plaintiffs have not brought to the Court's attention controlling authority that would alter the conclusion I reached.

Plaintiffs rely primarily on two cases: *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) and *Stomper v. Amalgamated Transit Union, Local 241*, 27 F.3d 316 (7th Cir.1994). In *Fogerty*, the Supreme Court interpreted the attorney's fee provision of the Copyright Act, which contained "prevailing party" language, and concluded that interpretations of that language in other statutes were not controlling in the copyright context. 510 U.S. at 522–25, 114 S.Ct. 1023. The *Stomper* Court, interpreting an attorney's fees provision worded similarly to that of the FLSA, concluded that "[a]ny tendency to treat all attorneys' fees statutes as if they were insignificant variations of § 1988 was squelched by *Fogerty v. Fantasy, Inc.*" 27 F.3d at 318. The court concluded that "the plaintiff must prevail by judgment in order to receive an award of attorneys' fees. '[I]n addition to any judgment awarded to the plaintiff' implies favorable judgment." *Id.* at 318–19.

My decision to deny plaintiffs' motion for attorney's fees is consistent with *Fogerty* and *Stomper*.[1] I did not simply apply § 1988 "prevailing party" case law to a statutory scheme that allows for attorney's fees "in addition to any judgment awarded to the plaintiff." Rather, I interpreted that provision to mean that plaintiffs must have obtained a "judgment in their favor." The line that separates a "judgment" from a "judgment in plaintiffs' favor" is not bright. But in drawing that line I found the Supreme Court's formulation in the § 1988 context—in particular the Court's analyses requiring that a judgment alter the legal relationship between plaintiffs and defendants by modifying the defendants' behavior in such a way that directly benefits the plaintiffs—to be relevant.

In this respect, I agree with Judge Birch's concurring opinion in *Salvatori v.*

*Westinghouse Electric Corp.* "Although it is critical to note that the procedural framework of Title VII and section 1988 is not identical to that set forth in the ADEA," Judge Birch explained, "it is reasonable to extrapolate salient aspects of the Supreme Court's discussion of what constitutes a 'prevailing party' under Title VII and section 1988 for purposes of our analysis of what constitutes 'any judgment' under the ADEA." 190 F.3d at 1246 (Birch, J., concurring). With this in mind, he argued that "an ADEA plaintiff is only entitled to attorney's fees if, in addition to succeeding on the merits of any part of her claim, the judicial resolution of the action settles some dispute that affects the behavior of the defendant toward the plaintiff." *Id.*

Finally, plaintiffs' argument that the judgment I entered does, in fact, affect the defendants' behavior toward them is not sufficient to grant their motion for reargument. Once again, plaintiffs do not demonstrate that I overlooked controlling decisions or factual matters that would alter the conclusion I reached. Rather, they attempt to distinguish cases that I considered in the original motion. Not only did I consider those decisions, but they do not change my conclusion that the injunction I entered does not materially alter the legal relationship between the parties. *See Carroll v. Blinken*, 42 F.3d 122, 130 (2d Cir. 1994).

### CONCLUSION

Plaintiffs' motion for reargument is denied. This is the decision and order of the Court.

---

**1.** I also note that *Stomper,* as a Seventh Circuit case, is not a "controlling" decision and thus does not provide by itself a basis for reargument.