BANK LEUMI TRUST COMPANY
OF NEW YORK, Plaintiff,

v.

ISTIM, INC., Opal Finance Corporation
Ltd., and Opal Trade Corp.,
Defendants.

OPAL FINANCE CORPORATION
LTD., Cross–Claimant,

v.

ISTIM, INC., Cross–Claim Defendant.

ISTIM, INC., Cross–Claimant,

v.

OPAL FINANCE CORPORATION LTD.
and Opal Trade Corp., Cross–Claim
Defendants.

No. 94 Civ. 8293 (SAS).

United States District Court,
S.D. New York.

Oct. 17, 1995.

Ronald M. Neumann, New York City, for Bank Leumi Company of New York.

Jonathan J. Lerner, Skadden Arps Slate Meagher & Flom, New York City, William J. Ferlanti, New York City, for Istim, Inc.

Gilbert Samberg, Rosenman & Colin, New York City, for Opal Finance Corporation Ltd. Opal Trade Corp.

## MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

Defendant- cross-claimant- cross-claim-defendant Istim, Inc. ("Istim") seeks reconsideration of this Court's Memorandum Opinion and Order of March 24, 1995 ("Order"). The Order confirmed a previous *ex parte* order of attachment[1] granted to defendant-cross-claimant-cross-claim-defendant Opal Finance Corporation LTD ("Opal") of an Istim account at Bank Leumi Trust Company of New York ("Bank Leumi").

Istim contends that the Court made factual and legal errors in its Order. *See* Memorandum of Law in Support of the Motion to Reconsider ("Istim Mem.") at p. 2. Furthermore, Istim seeks to introduce allegedly new evidence that it had (1) previously paid its debt to Opal in full, (2) maintained other attachable accounts in the jurisdiction, and (3) terminated Kaplan for personal improprieties rather than his alleged desire to repay Istim's debt to Opal. *See* Istim Mem. at pp. 9, 10, 12. Opal, in turn, claims that Istim's motions are frivolous. For the following reasons, Istim's motions are denied.

## DISCUSSION

 Familiarity with the underlying facts of the controversy is assumed. On April 10, 1995, Istim moved for reconsideration of the Court's Order.[2] Pursuant to Local Civil Rule 3(j), motions to reargue must be made within ten days following the docketing of the Court's determination of the original motion. *See* Local Civil Rule 3(j); *see also Fulani v. Brady*, 149 F.R.D. 501, 503

---

1. An *ex parte* attachment of Istim's assets was granted on December 6, 1994.

2. Istim ostensibly moved for reconsideration pursuant to Fed.R.Civ.P. 59(a). Rule 59(a) applies to motions for new trials, however, and has no applicability to a motion to reconsider or reargue

a non-final decision of this Court. The Court treats Istim's current motion as a motion to reargue Opal's prior motion to confirm the *ex parte* order of attachment. As discussed below, Local Civil Rule 3(j) governs such a motion.

(S.D.N.Y.1993). Istim's motion to reargue was therefore timely. On May 11, six weeks after the original Order was filed, Istim served a "Supplemental Motion for Reconsideration," which sought to "supplement the grounds upon which [it] ha[d] moved for reconsideration in order not to waive any such grounds, make additional arguments, and to modify and correct the April 10 Certification." Memorandum in Support of Supplemental Motion for Reconsideration at p. 2. Because Istim's Supplemental Motion was not filed within ten days of the Court's Order, the Supplemental Motion is untimely and will *not* be considered by the Court.

■ Local Rule 3(j) requires a party who moves for reargument to set forth "the matters or controlling decisions which ... the court has overlooked." Local Civil Rule 3(j). A court should grant a Rule 3(j) motion "only if the moving party presents [factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision." *Morser v. AT & T Information Systems,* 715 F.Supp. 516, 517 (S.D.N.Y.1989). The Court emphasizes two further points about this Rule. First, the purpose of Rule 3(j) is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps" with new facts. *Heil v. Lebow,* 1995 WL 231273, *1, 1995 U.S.Dist. LEXIS 5062, *2–3 (S.D.N.Y. April 18, 1995) (quoting *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 727 F.Supp. 833 (S.D.N.Y.1989)). Local Rule 3(j) is therefore to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." *Fulani,* 149 F.R.D. at 503. Second, the plain language of Rule 3(j) precludes a party from advancing new facts, issues or arguments not previously presented to the court "because, by definition, material not previously presented cannot have been 'overlooked' by the court." *Heil v. Lebow,* 1995

WL 231273 at *1, 1995 U.S.Dist. LEXIS at *1 (citations omitted).

■ Istim first challenges the Court's finding that Istim (1) removed all of its assets from the U.S.; (2) instructed its debtors not to make payments to Opal; (3) sought to give preferential treatment to Banca Commerciale Italiana; (4) closed its New York office and removed all of its inventory; and (5) "suspiciously" fired, then rehired without signatory powers, and then fired again its President who had allegedly repaid Opal against the wishes of Istim. *See* Istim Mem. at pp. 2–3. In advancing these claims, Istim does not argue that the Court erred in interpreting applicable case law; rather, it argues that the Court misinterpreted or misunderstood the facts. *Id.* at p. 8. Istim's claims merely recapitulate and reiterate points it had previously raised in opposing Opal's Confirmation motion and do not demonstrate that the Court failed to adequately consider this information when it confirmed the Order of Attachment. Thus, Istim's arguments are precisely the type of claims that the local rules seek to avoid.

■ Istim also argues that "new" evidence demonstrates that the Court's Order was wrongly decided. As noted above, Local Rule 3(j) precludes a party from advancing new facts on a motion for reargument. However, federal courts retain the power to revisit earlier rulings where there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice. *See Virgin Atlantic Airways v. Nat. Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992).[3] In the present case, Istim's attorney alleges that "the contents of six letters written in Hebrew first came to my attention on or about April 7, 1995 disclosing that Istim had written to six of its account debtors stating that they were to pay Opal." Istim Mem. at p. 9. The

---

**3.** This power to revise earlier rulings stems from the inherent power of the Court to correct its decisions. In addition, Fed.R.Civ.P. 54(b), which provides that an order or decision "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties," might allow a court to reconsider its decisions. *See Virgin Atlantic Airways,* 956 F.2d at 1255 (declining to decide if Fed.R.Civ.P. 54(b) authorizes a district court to revisit earlier rulings).

attorney claims that "since [he] do[es] not speak or read Hebrew, [he] was not aware of [the letters'] contents at that time." *Id.* Similarly, Istim's attorney belatedly attempts to identify additional assets in the jurisdiction as well as documents showing Kaplan's "Mala Fides." Istim Mem. at pp. 10, 12.

Whatever the significance of this new evidence, it is not "new." Ferlanti concedes that he had access to the letters prior to the hearing on Opal's motion to confirm the Order of Attachment, and his failure to procure an English translation "does not establish that the [evidence] could not have been found by due diligence." *Keogh Corp. v. Howard, Weil, Labouisse, Friedrichs, Inc.,* 1993 WL 337981, *1, 1993 U.S. Dist. LEXIS 12086, *3 (S.D.N.Y. Aug. 31, 1993). In addition, Istim's Board of Directors had access to all of the alleged "new" evidence prior to the hearing. Accordingly, such information does not justify relief from the Court's Order.

## CONCLUSION

For the reasons stated above, Istim's motion for reargument is denied. The costs of this motion are awarded to Opal.

SO ORDERED: