**Peter Robert SKYWARK, Plaintiff,**

v.

**Henry ISAACSON, Esq., and Isaacson, Schiowitz, Korson & Solny, Defendants.**

**No. 96 Civ. 2815(JFK).**

United States District Court, S.D. New York.

Jan. 29, 1998.

*MEMORANDUM OPINION and ORDER*

KEENAN, District Judge.

Before the Court is Defendants' motion for reargument of this Court's November 18, 1996 Opinion and Order denying Defendants' motion for summary judgment. Alternatively, Defendants move pursuant to 28 U.S.C. § 1292(b) for an order certifying for interlocutory appeal the Court's decision not to grant summary judgment. The Court denies both applications.

The facts underlying this action and the instant motions are discussed in detail in *Skywark v. Isaacson*, No. 96 Civ. 2815(JFK), 202 B.R. 557 (S.D.N.Y.1996), and the Court therefore assumes the reader's familiarity with the underlying facts and the November 18, 1996 decision.

**I. Motion for Reargument**

■ The standards controlling a motion for reargument are set forth in Local Civil Rule 6.3 and Fed.R.Civ.P. 59(e). Reargument is appropriate only where the court has "overlooked controlling decisions or factual matters put before it on the underlying motion," *In re New York Asbestos Litigation*, 847 F.Supp. 1086, 1141 (S.D.N.Y.1994), and which, had they been considered, "might reasonably have altered the result reached by the court." *Consolidated Gold Fields v. Anglo American Corp.*, 713 F.Supp. 1457, 1476 (S.D.N.Y.1989); *see Morser v. AT & T Infor-*

*mation Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y. 1989). Rule 6.3 "precludes a party from advancing new facts, issues or arguments not previously presented to the court," *Bank Leumi Trust Co. of New York v. Istim, Inc.*, 902 F.Supp. 46, 48 (S.D.N.Y.1995), and Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." *Anglo American Ins. Group v. CalFed Inc., XCF*, 940 F.Supp. 554, 557 (S.D.N.Y.1996). The purpose of Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." (*Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). Additionally, a Rule 6.3 motion "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

■ Defendants move for reargument of the November 18, 1996 Opinion and Order denying summary judgment on the ground that the Court "overlooked" and went against the "universally recognized rule that an attorney is not liable for an error of judgment on an unsettled proposition of law." Defs. Mem. in Supp. at 3 (citing *Parksville Mobile Modular Inc. v. Fabricant*, 73 A.D.2d 595, 600, 422 N.Y.S.2d 710, 717 (2d Dept.1979)). In essence, Defendants argue that this Court held that attorneys will always face liability when they have to make a decision in an unsettled area of the law.

Defendants have not presented any matter that the Court "overlooked" on the underlying motion and have therefore failed to meet the strict standards on a motion for reargument. Nevertheless, because the Court believes that Defendants have misconstrued the holding of the November 18, 1996 Opinion and Order and read the holding too broadly, the Court provides the following brief elaboration on the November 18, 1996 decision.

In the November 18, 1996 decision denying Defendants' motion for summary judgment as a matter of law with regard to Plaintiff's attorney malpractice claim, this Court held that on a statute of limitations issue where

the choice of when to file is that of settled law or unsettled law (or certainty versus uncertainty), and the attorney chooses to venture into the area of unsettled law in deciding when to file for no apparent strategic reason, and this choice places his client's six-year-old claim at risk of extinction, whereas the alternative choice ensures viability of the claim, this Court could not find as a matter of law that the choice to go into unsettled law was reasonable. This is not an issue—as Defendants contend—of an attorney having to make a decision only within an area of unsettled law or an attorney making a strategic or tactical decision where some degree of risk is always involved. Rather, this is an issue of an attorney choosing between filing the complaint within the definitive 30–day period allotted by 11 U.S.C.A. § 108(c)(2), where the law was unequivocally clear and there was no dispute that the six-year-old claim would still be timely, or filing the complaint within the "suspension" period allotted by 11 U.S.C.A. § 108(c)(1), where the courts were split as to the effect of this subsection on statutes of limitations. The Second Circuit had not ruled on the effect of § 108(c)(1), and there was a substantial risk that the claim would be ruled untimely given § 108(c)(1)'s inherent ambiguity and the split of authority as to its meaning. As the Court held in the November 18, 1996 Opinion and Order, under the circumstances of this case and the evidence and caselaw presented on the underlying motion, this Court finds that Defendants' decision to go into the uncertain area of the law on this statute of limitations issue and place Plaintiff's claim in jeopardy was not a reasonable course of conduct as a matter of law. Thus, a factual determination is necessary on the issue of whether, under the facts of this case, Defendants' decision to go into the uncertainty surrounding § 108(c)(1) and file Plaintiff's six-year-old claim more than 30 days after receipt of the notice of termination fell below the ordinary and reasonable skill and knowledge commonly possessed by an attorney. *See O'Neill v. Gray*, 30 F.2d 776, 780 (2d Cir.) ("Skillful conduct involves avoidance of wholly unnecessary risks. We think it was properly left to the jury to say whether the conduct of the litigation was reasonably skillful."), *cert. de-*

*nied*, 279 U.S. 865, 49 S.Ct. 480, 73 L.Ed. 1003 (1929); *Greene v. Payne, Wood and Littlejohn*, 197 A.D.2d 664, 666, 602 N.Y.S.2d 883, 885 (2d Dept.1993). ("Whether [legal] malpractice has been committed is ordinarily a factual determination to be made by the jury."); *Bernstein v. Oppenheim*, 160 A.D.2d 428, 430, 554 N.Y.S.2d 487, 489 (1st Dept. 1990) ("[S]election of one among several reasonable courses of action does not constitute malpractice ... Absent such reasonable courses of conduct found as a matter of law, a determination that a course of conduct constitutes malpractice requires findings of fact." (citations omitted)). Further, contrary to Defendants' assertions, the jury will not be asked to make legal determinations, to declare the law or to determine the "state of the law" as it existed when Defendants filed the complaint. The Court makes those legal determinations and will instruct the jury accordingly. The jury will decide the factual issue of whether Defendants' course of conduct constituted malpractice.

## II. Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

28 U.S.C. § 1292(b) reads in pertinent part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Interlocutory review should only be granted in "exceptional circumstances," *Butala v. Agashiwala*, No. 95 Civ. 936(JGK), 1997 WL 162098, at * 1 (S.D.N.Y. March 24, 1997), and the Second Circuit has urged "district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir.1992). The Court concludes that the November 18, 1996 decision is an application of the established New York law on attorney malpractice to the facts of this case, rather than a departure from the

law, and that there is not a controlling question of law at issue here as to which there is substantial ground for difference of opinion. The Court therefore denies Defendants' application for § 1292(b) certification.

## III. Conclusion

For the reasons discussed above, the Court denies Defendants' motions. Discovery is to be completed by May 22, 1998, and the Court sets this matter down for a pre-trial conference on May 27, 1998 at 9:45 a.m. The Court refers this matter to Magistrate Judge Naomi Reice Buchwald for supervision of discovery.

**SO ORDERED.**